## McFaul v. Woodbury County.

1. **Verdict:** INDEFINITE: EQUITY. Where the verdict is indefinite and does not express the true intention of the jury, the mistake or omission being known upon the return of the verdict, a complete and adequate remedy exists at law, and relief therefor cannot be sought in equity.

### *Appeal from Woodbury District Court.*

### MONDAY, OCTOBER 24.

ACTION in chancery. Plaintiff's petition was dismissed upon a demurrer thereto; he appeals to this court.

*Fawcett & Pardoe*, for appellant.

*S. M. Marsh, District Attorney*, and *Geo. W. Wakefield*, for appellee.

BECK, J.—I. The petition alleges that in a certain action which plaintiff brought against defendant, the jury rendered a sealed verdict in the following form: "We, the jury, find for plaintiff, and assess the amount at $500, with back interest at six per cent;" that for the reason the jury were not again called together by the court, they were not required to state more definitely their findings; that at the proper time, before the judgment was rendered, plaintiff moved the court to amend the verdict so that it might express the intention of the jury to add to the amount of the principal debt, interest at six per cent from the time payment was demanded to the day of trial; and that judgment for the amount of the verdict, as so amended, be rendered. This motion was overruled. The petition alleges that the jury did intend to allow interest, as expressed in this motion, but, through mistake, the interest was not computed and added to the principal found due by them. The plaintiff for relief prays that a decree be

entered against defendant for the amount of the interest. The amount in controversy being less than $100, the questions involved in the case are certified to this court as required by statute. They involve the correctness of the ruling of the District Court in sustaining the demurrer. In our opinion, that ruling is correct.

II. The plaintiff had a complete and adequate remedy at law, by motion to reform the verdict, so that it should express the true intention of the jury, if such intention appeared in the verdict considered in connection with the record in the case. This remedy plaintiff pursued. Or in case the intention of the jury could not be made to appear, the plaintiff was entitled to have had the verdict set aside upon motion. The omission or mistake of the jury was well known to the plaintiff upon the return of the verdict. At that time he sought for relief by motion. If the court erred in refusing it, the decision could have been reviewed upon appeal. Relief cannot be sought in chancery when so plain a remedy exists at law.

1. VERDICT: indefinite: equity.

The case differs from *Patridge & Co. v. Harrow et al.*, 27 Iowa, 96; *Barthell v. Roderick*, 34 Iowa, 517; *Snyder v. Ives*, 42 Iowa, 157. In these cases the mistakes were not discovered until it was too late to correct them by motion.

The decree of the District Court is

AFFIRMED.