No. 18,536.

WILLIAM ZUEGE, *Appellee*, v. THE NEBRASKA MORT-
GAGE COMPANY et al. (CHARLES E. GIBSON et al.,
*Appellants*).

### SYLLABUS BY THE COURT.

MORTGAGE—*Not Assumed by Purchaser—Purchaser May Ac-
quire Valid Tax Deed to the Land.* Where one takes a deed
to land which is encumbered by a mortgage, but does not
assume or agree to pay the mortgage, no personal relation or
obligation subsists between him and the holder of the mort-
gage and he owes no duty to the holder of the mortgage to
pay the taxes on the land, and may thereafter acquire a tax
deed to the land which will extinguish the rights of the
mortgage holder therein if the land be not redeemed and no
action be brought by the holder of the mortgage to set aside
the tax deed within five years from the issuance thereof.

Appeal from Cheyenne district court; WILLIAM S.
LANGMADE, judge. Opinion filed May 9, 1914. Af-
firmed.

*Dempster Scott,* of Atwood, for the appellants.

*E. E. Kite,* of St. Francis, and *Fred Robertson,* of
Atwood, for the appellee.

The opinion of the court was delivered by

SMITH, J.: Appellee brought this action April 12,
1911, to quiet his title to a quarter section of land in
Cheyenne county. In his original petition he alleged
that he had been in the open, notorious possession of
the land for more than fifteen years last past. In his
amended petition this allegation was changed to eleven
years last past. He claimed under a tax deed to the
land, issued November 19, 1900, and also through a
succession of conveyances made by Benson Plymate
and wife by warranty deed, all being duly recorded.
The appellants claim a lien on the land by virtue of a
mortgage thereon executed by Plymate and wife on

October 1, 1888, to secure a promissory note for $500 due five years after that date, maturing October 1, 1893.

The appellee owed no personal duty to the appellants or to the holder of the mortgage to pay the mortgage or to pay the accruing taxes. No personal relation subsisted between the parties.

It appears without controversy that sometime prior to the Plymates leaving the state they conveyed the fee to the land to the Nebraska Mortgage Company, which corporation conveyed it to one Updike, who in turn conveyed it to appellee in June, 1896.

The appellants contended that appellee having obtained the legal title before he acquired his tax deed the two titles merged, and it should be presumed that the appellee held possession under the title first acquired, and that the mortgage has not been extinguished by the tax deed and should be foreclosed. It was said in *Rand v. Ft. S. W. & W. Rly. Co.*, 50 Kan. 114, 31 Pac. 683:

"Merger is very largely a question of intention, and the court will always presume against it whenever it will operate to the disadvantage of a party." (p. 119.)

To the same effect is *Loan Association v. Insurance Co.*, 74 Kan. 272, 86 Pac. 142, in which it was said:

"Where a mortgagee of real estate acquires the legal title to the mortgaged property, the mortgage will become merged in the larger estate or not as the mortgagee may desire or his interest require." (Syl. ¶ 1.)

The title by conveyance from the former owner and by the tax deed became merged or not according as appellee desired or his interest was best subserved; the former title was subject to the mortgage, the latter was not. Hence there was no merger.

The appellants' right to attack the tax deed was barred by limitation years before this action was brought. The tax deed was then the paramount title

18—92 KAN.

and extinguished all other titles, as well as the lien of the mortgage. By the provisions of section 9483 of the General Statutes of 1909 no proceeding to defeat or avoid the sale could be maintained, except only where the taxes have been paid on the land redeemed as provided by law, unless the action be brought within five years after the recording of the tax deed. This proceeding on the part of the appellants was instituted upon the filing of their answer and cross-petition, much more than five years after the tax deed was recorded; in fact, about nine years. There is no contention that the taxes had been paid prior to the sale or that the land had been redeemed.

The action to quiet title was instituted under the provisions of chapter 232 of the Laws of 1911, and the appellants claim that the law is invalid for the reason that it affects the obligations of a contract. This contention has been expressly negatived in the case of *Shepard v. Gibson*, 88 Kan. 305, 128 Pac. 371, in which it was said:

"In the enactment of chapter 232 of the Laws of 1911 the legislature did not intend to take from a mortgagee any existing rights under the mortgage contract nor to deprive him of a remedy to enforce such rights, but its purpose was to give the owner of land on which there is a mortgage that has long been in default and a cause of action thereon is barred by lapse of time the right to bring an action and have the present condition or status of the mortgage adjudicated, and the act, therefore, does not operate to impair the obligation of the mortgage contract." (Syl.)

As said in *Shepard v. Gibson,* supra, the only purpose of chapter 232 of the Laws of 1911 is to enable owners of land, upon which there is a mortgage long in default and the cause of action thereon barred by lapse of time, to bring an action to have the present status of the mortgage adjudicated.

The appellants had no rights in the premises which they could enforce at law, and the appellee had a right

to have his title, whatever it might be, cleared of record by a judgment that the mortgage constituted no subsisting lien upon his land.

The judgment is affirmed.