### BUTTON et al. v. MAKER.

No. 11514—Opinion Filed June 14, 1921.

Rehearing Denied Sept. 13, 1921.

(Syllabus.)

**Process—Attachment—Action Against Nonresident—Validity of Attachment.**

When an action is commenced against a non-resident of this state by filing a petition and an affidavit for an order of attachment, and an order of attachment is issued and levied upon real property belonging to the non-resident defendant and constructive service of summons is commenced and the first publication is made within 60 days after the petition was filed and order of attachment issued, which is thereafter made good by pursuing the requirements of the statute, such service of first publication relates back to the time of the filing of the petition and affidavit for attachment, and by such relation the suit is to be deemed to have been commenced at the date of their filing, and a motion thereafter made to discharge the attachment because an ordinary summons was not issued to the sheriff of the county in which the action was commenced was properly overruled by the trial court.

Error from District Court, Osage County; Preston A. Shinn, Judge.

Motion by Lucy N. Button and others to "quash attachment" whereby property of a non-resident had been subjected to debt at suit of J. A. Maker. Motion overruled, and movants bring error. Affirmed.

L. V. Roberts and L. P. Mosier, for plaintiffs in error.

A. J. Welch, for defendant in error.

JOHNSON, J. The record discloses that on September 19, 1914, J. A. Maker, as plaintiff, commenced an action against E. N. Nellis, as defendant, to recover the sum of $5,150 upon a promissory note dated March 1, 1913, and on said day filed an attachment affidavit charging that the defendant was a non-resident of the state, upon which date an order of attachment was issued, and on September 24, 1914, the sheriff returned the attachment order showing that he had attached thereunder the real estate in question.

On October 28, 1914, within 60 days allowed by statute, affidavit for publication describing the attached property was filed and public notice describing the property was issued and published at once for the required time, and on February 20, 1915, default judgment was rendered against the said defendant, Nellis, for the amount of plaintiff's indebtedness, sustaining the attachment and ordering the property sold, and on September 23, 1915, the sheriff duly sold said property at public auction, and one L. E. Minton became the purchaser, which sale was confirmed, and said Minton received his deed in due course.

About five years later, and after the said Minton had paid taxes on the property for several years, and the same had increased in value, appellants, who were not parties to the action originally or by substitution, decided that all of said court proceedings

were void because the attachment order was issued and levied upon the land before the affidavit for publication was filed, and on December 12, 1919, they filed a motion in the original case designated "Motion to Quash Attachment" and reciting only one ground for the motion, namely: "That this court had no jurisdiction of the subject-matter of this action at the time said order of attachment was issued." Notice of this motion was given to J. A. Maker, the original plaintiff, but none was given to said L. E. Minton, the purchaser of the property. The court overruled the "Motion to Quash," and this appeal was perfected therefrom.

Appellants make only one contention all through the ease. In their motion in the trial court, in their petition in error, and in their brief they say: "That the trial court had no jurisdiction when the attachment order was issued." They argue that this is true because of the fact that the order issued before the publication affidavit was filed.

Concerning this contention counsel for plaintiffs in error say in their brief:

"It is the contention of the plaintiffs in error that no action can be commenced until either a summons has been issued or an affidavit for publication filed, and that since neither had been done before the order of attachment was made, everything under this purported order, including the seizure of the property, was void, and that any interested party could at any time move to quash and vacate it. Section 4812, Rev. Laws 1910, provides that: 'That the plaintiff in a civil action for the recovery of money at or after the commencement thereof, may have an attachment against the property of the defendant.' "

Under this provision of the statute the first ground stated for an attachment is the non-residence of the defendant, and it is also made a ground for procuring service and summons by publication under section 4722, Rev. Laws 1910.

In 4 Cyc. 395, it is said:

"Attachments may be used for two purposes: (1) To compel the appearance of the defendant; (2) to seize and hold his property for the payment of the debt to collect which suit is brought. For the first purpose, it was a common-law writ called attachment or pone. * * *"

And on page 403, the same book, it is said:

"Originally the purpose of the attachment laws seems to have been simply to compel the appearance of a debtor over whose person jurisdiction could not be obtained by ordinary process, but at an early date the remedy was generally extended by statute so as to serve the double purpose of compelling defendant's appearance and securing to plaintiff the benefit of such judgment as he might recover."

In Shinn on Attachment, page 345, it is said:

"The Purpose of the Writ—The purpose of the writ, or warrant of attachment, under the present prevailing practice in attachment proceedings, is two-fold. Its first object is to cite the defendant to appear in person and defend the action begun against him, and its second object is to create an immediate lien upon the defendant's property, to await and satisfy the judgment that may be thereinafter entered against him. Such is the purpose when attachment is sought at the inception of the suit. But when it is resorted to only as an ancillary remedy in suits already begun by personal service, it has but the latter object to attain, the former having already been accomplished by the summons previously issued."

In support of their contention appellants rely on sections 4703 and 4812, Rev. Laws 1910, which are as follows, respectively:

"A civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

"The plaintiff in a civil action for the recovery of money may, at or after the commencement thereof, have an attachment against the property of the defendant. * **"

These provisions of our statute were borrowed from Kansas. (Kan. 4136; St. 1893, sec. 3931. Kan. 4273; St. 1893, sec. 4068.)

The cases by this court and the Supreme Court of Kansas discussing the propositions here involved and these sections of the statute cited by counsel, which seem to be all the cases by these courts bearing upon this question, are: Dunlap v. McFarlin, 25 Kan. 488; Bannister v. Carroll (Kan.) 22 Pac. 1012; Jones v. Warnick (Kan.) 30 Pac. 115; Raymond v. Nix et al., 5 Okla. 656, 49 Pac. 1110; Ballew v. Young, 24 Okla. 182, 103 Pac. 623; Richardson v. Carr, 68 Oklahoma, 171 Pac. 476; Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681. An examination of these cases will disclose that none of them are in point on all the essential particulars here involved, but each, perhaps, is in point by analogy to the particular question involved in the instant case.

As hereinbefore stated, the record in this case discloses that on the 19th day of September, 1914, the plaintiff filed his petition, with a copy of the note sued on attached thereto and marked "Exhibit A," and on the

same day filed an affidavit of attachment in which it was alleged that the defendant was a non-resident of the state of Oklahoma, and that said cause of action and said debt arose upon contract made wholly within this state and the defendant was about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors, and was about to assign, remove, and dispose of his property or a part thereof with the intent to defraud, hinder, and delay his creditors; and that on the same day an order of attachment was issued out of said court in the usual and customary form; and that on September 24. 1914, the sheriff made a return of the order with an inventory and appraisement of the property involved, showing a levy herein; and that on the 28th day of October. 1914, an affidavit for notice by publication was filed in said cause. and that notice was issued and published at once, and for the required time.

The appellants made the contention that the court was without jurisdiction because a summons was not issued nor a publication affidavit filed before the writ of attachment issued. We think that contention is without merit.

In the first case, Dunlap v. McFarlin, supra, Judge Valentine stated the law in the latter part of the 4th paragraph of the syllabus as follows:

"Held, that for the purpose of the attachment the action is to be deemed to have been commenced at the time of the filing of the petition, the praecipe, and the affidavit for the order of attachment, and that the order of attachment will not be held to be invalid because issued before any action was commenced."

In Bannister v. Carroll, supra, the defendant was a non-resident, and plaintiff filed (1) petition, (2) a publication affidavit, and (3) an attachment affidavit, but no summons. It was there insisted "that the only mode known to our Code of Civil Proceedure by which an action is commenced is by filing a petition and causing a summons to issue thereon." A motion to discharge. the attachment was filed, sustained, and an appeal perfected, and the judgment reversed. In that case, after stating that there are two distinct modes of bringing a defendant before the court, it was said:

"When a petition is filed, an action is pending, if the summons be personally served, or the first publication made within 60 days. These various provisions must all be construed together, to arrive at the legislative intent. The law does not require useless or unnecessary proceedings. The

only effect of a summons in cases of this character would be to put upon the record, by the return of the sheriff, the fact that the defendant was not found in the county in which the writ was issued, and this would not meet the requirements of section 73 of the Code. That section requires that there must be a showing that the defendant cannot be served with a summons within this state. The sheriff can only serve in his own county. It seems, therefore, that the issue of summons to a sheriff of a county, in cases brought against non-residents of the state, is not only not necessary, but practically useless. This leads to the conclusion that the strict construction of section 57 of the Code, urged by counsel for the defendant in error, is not the true one; that the requirement of that section is as well met by service of summons by publication in a newspaper as by one directed to the sheriff of the county in which the petition is filed."

The court further said in that case:

"If the construction contended for be applied to this section of the Code, it is impossible to have an order of attachment against a non-resident defendant; for as to him the action shall be deemed to be commenced at the date of the first publication, and yet that publication must notify him that his real estate has been attached in the action."

Speaking in that case of the publication which must be made as a part of the commencement of the action, the court further said:

"This first publication must notify the non-resident that his real property has been attached."

And further on in the opinion it was said:

"Sections 57 and 81 of this article are the only two sections of the Code of Civil Procedure that have a direct bearing on this question, and we have given our construction of these in the first part of this opinion. Section 190 of the Code provides that the plaintiff in a civil action for the recovery of money may, at or after the commencement thereof, have an attachment against the property of the defendant. If our construction of the other sections is correct, this means that the plaintiff, at the time he files his petition, can have an attachment."

The court then refers to the earlier case, Dunlap v. McFarlin, supra, and quotes from the syllabus as follows:

"That for the purpose of the attachment, the action is to be deemed to have been commenced at the time of the filing of the petition, the praecipe, and the affidavit for the order of attachment, and that the order of attachment will not be held to be invalid because issued before any action was commenced."

And again, after showing the absurdity of an ordinary summons in a case against a non-resident, the opinion concludes:

"In view of all these complications and absurdities, we think the proper construction to be given to section 57 of the Code is that, when a petition is filed and a summons served, or the first publication is made within 60 days, such service or first publication relates back to the time of the filing of the petition and praecipe and other necessary papers, and by such relation the suit is to be deemed to have been commenced at the date of their filing."

We now consider the third case in its order, Jones v. Warnick, supra. In this case there were filed in the following order: (1) A petition, (2) an attachment affidavit; (3) an attachment issued. There was neither a summons nor a publication affidavit at or prior to the attachment. The writ was levied on property of the non-resident defendant. Thirteen months later publication affidavit was filed and notice given. The case went to the Supreme Court, where it was held that the attachment was void, not because no summons issued or no publication affidavit was filed before the writ issued, but because publication was not made within the 60-day limit as provided in such cases. Both the earlier cases were referred to in this case, and the question was again summed up and stated as follows:

"It seems from a consideration of the various sections of the Code that in any event a suit cannot be said to have been commenced unless the service of a summons is made, or the first publication of notice is made within 60 days from the filing of the petition and other necessary papers."

We now come to Raymond v. Nix et al., supra, the first Oklahoma case in which this point is discussed. This case is cited by appellants, we suppose, for the reason that it incidentally uses language which would have a tendency to support their contention, when not considered in connection with the issues to be determined. It was a probate court case where suit was filed on an account and a stock of goods was attached. The following papers were filed in their order: (1) A petition, (2) an attachment affidavit; (3) an attachment issued. There was no summons issued and no publication affidavit filed prior to the issuance of the attachment. The court did not hold that summons must issue or publication be filed prior to the issuance of the writ, but, after reviewing the former Kansas cases, sustained the attachment, and adopted the same rule as before stated:

"The proper construction to be given to section 57 of the Code (4703, R. L.) is that, when a petition is filed and a summons served or the first publication is made within 60 days, such service or first publication relates back to the time of the filing of the petition and praecipe and other necessary papers, and by such relation the suit is to be deemed to have been commenced at the date of their filing."

We deem any further discussion of the cases cited, supra, unnecessary. Those not discussed rest upon facts materially different from the facts in the instant case, and none of them can be construed by any proper consideration to determine the question adversely to the rule announced in the cases we have discussed.

It seems clear to us that, as stated by the Kansas court in the case of Bannister v. Carrol, supra:

"When a petition is filed an action is pending if the summons be personally served or the first publication made within 60 days. These various provisions must all be construed together to arrive at the legislative intent. The law does not require useless and unnecessary proceedings. The only effect of a summons in cases of this character would be to put upon the record by the return of the sheriff the fact that the defendant was not found in the county in which the writ issued, and this would not meet the requirements of section 73 of the Code. That section requires that there must be a showing that the defendant cannot be served with a summons within this state. The sheriff can only serve in his own county. It seems, therefore, that the issue of the summons to a sheriff of a county, in cases brought against non-residents of the state, is not only not necessary, but practically useless."

We therefore hold that the trial court properly overruled the motion of the plaintiffs in error to quash the attachment, and the judgment of the trial court is therefore affirmed.

PITCHFORD, V. C. J., and KANE, MILLER, and KENNAMER, JJ., concur.