### NELLIS et al. v. MINTON.

No. 13860—Opinion Filed June 12, 1923.

1. **Limitation of Actions — Defenses — Counterclaim—Quieting Title.**

Plaintiff brought suit to quiet title to certain real estate; the defendant filed an answer and cross-petition, attacking the sheriff deeds under which the plaintiff claimed title, and alleging that the sheriff deeds and the judgment and proceedings on which said deeds were based are void, and that the same are barred by the statute of limitations; and praying for judgment canceling said deeds

and quieting title in the defendants; the plaintiff filed a reply, setting up his claim to title under the sheriff deeds and the judgment and proceedings on which the deeds are based, and praying judgment that his title to said real estate be quieted. Held, that, as to the cross-petition, the defendants became plaintiffs therein, and that the reply filed by the original plaintiff in said action is a counterclaim within the meaning of section 274 of 1921 Compiled Statutes, wherein it is provided that a "counterclaim shall not be barred by the statute of limitations until the claim of the plaintiff is so barred."

**2. Quieting Title — Doing Equity — Judgment Conditioned on Paying Judgment Lien.**

He who seeks equity must do equity. Where affirmative equitable relief is asked by heirs who seek to quiet title to real estate against a judgment lien, which judgment was rendered in the district court against their ancestor, and said judgment has not been satisfied, and has become dormant by reason of the statute of limitations, held, that the trial court committed no error in quieting title to said real estate, subject to the payment of said judgment.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; R. H. Hudson, Judge.

Action by L. E. Minton against E. P. Nellis et al. to quiet title. Judgment for plaintiff, and defendants bring error. Affirmed.

L. E. Roberts and L. P. Mosier, for plaintiffs in error.

Grinstead & Scott, for defendant in error.

Opinion by JARMAN, C. This is an action brought by L. E. Minton, defendant in error, plaintiff below, against E. P. Nellis et al., plaintiffs in error, defendants below, to quiet title to certain real estate.

On September 19, 1914, J. A. Maker brought suit in the district court of Osage county against E. P. Nellis, No. 2582, to recover judgment on a certain promissory note in the sum of $5,000 and interest, and sued out an order of attachment in said case, which was levied upon the real property in question; service was had on the defendant, Nellis, who was a nonresident of the state of Oklahoma, by publication, and on February 20, 1915, judgment in rem was rendered in favor of the plaintiff, Maker, against Nellis, for the amount of the note and the attachment was sustained, and the amount of said indebtedness was adjudged to be a lien on the real property attached; thereafter, and on April 8, 1915, the attached property was sold

by the sheriff, and was bought in by L. E. Minton, the defendant in error in the instant case, but for some reason the parties were not satisfied with this sale, and the property was readvertised, and under another order of sale was sold by the sheriff on December 7, 1915, at public sale, to said L. E. Minton for $2,400. At the time of the last sale by the sheriff, L. E. Minton had become owner of the judgment above referred to in the case of Maker against Nellis. Immediately after acquiring a deed from the sheriff to said real property, Minton went into possession of said property and paid the taxes due thereon, amounting to $1,852.74, including penalties and interest. On August 4, 1919, L. E. Minton filed suit in the district court of Osage county to quiet title to said property against the heirs of N. P. Nellis, the said N. P. Nellis having died prior to the filing of said suit. The Nellis heirs, as defendants, filed an answer to the petition of Minton, and also filed, in connection therewith, a cross-petition in which they set up that the proceedings, had in the case of Maker against Nellis to sell the said property pursuant to the judgment, rendered in said case of Maker against Nellis, were irregular and void, and that deeds, executed by the sheriff on April 8, 1915, and December 7, 1915, as above set out, to Minton, were null and void, and asked the court to cancel and set aside the deeds, and quiet title in said defendants, and decree them to be the owners in fee simple of said property. Issue was joined on the cross-petition by a reply filed by the plaintiff. A trial was had, and the court rendered judgment for the defendants on their cross-petition, holding that the proceedings, under the judgment in the attachment case of Maker against Nellis, to sell the property in question, were null and void and that the deeds executed by the sheriff as above set out, to Minton were null and void, and decreed the said defendants to be the owners in fee simple of said property, and rendered judgment for the plaintiff, Minton, decreeing a lien on said property for the amount of the judgment rendered against Nellis in the case of Maker against Nellis, above mentioned, and for the amount of taxes paid by Minton on said property. From this judgment, giving the plaintiff a lien on the property for the amount of the judgment rendered against Nellis, the defendants have appealed to this court.

One branch of the Maker-Nellis Case, supra, was appealed to this court under the style of Button et al. v. Maker, 83 Okla. 75, 200 Pac. 777. In that branch of the case, Button et al., the heirs of Nellis, who are now defendants in the case at bar, filed a

motion to quash the attachment in the Maker-Nellis Case after judgment was rendered therein. The Nellis heirs set up as grounds for their motion to quash the attachment, that the order of attachment was issued and the property attached before a summons was issued or an affidavit to procure service on the defendant by publication was filed. The court denied this motion for the reason that the first publication to procure service on the nonresident defendant was made within 60 days after the petition was filed and the order of attachment issued, which was affirmed by the Supreme Court. The questions involved in the case at bar are not affected by the case of Button et al. v. Maker, supra.

The sole question presented in the case at bar by the defendants and argued in their brief is that the court, in the instant case, could not decree the judgment in the case of Maker against Nellis, supra, which was barred by the statute of limitations and void, as a lien against the property in question, as shown by the following language used in the "Statement, Reply and Supplemental Brief of Plaintiffs in Error," to wit:

"Defendant in error evades the fact that the only error complained of is that the court placed upon this property the lien of a void judgment which could not be done without a revivor and that time for a revivor had passed." (Pg. 5).

It is the contention of the defendants that the judgment in the Maker Case had become dormant, and ceased to be a lien on the property in question because no execution had been issued within the past five years, and, therefore, the court, in the instant case, could not bring this dormant judgment to life and place it as a lien on the property in question; and urge, in support of this contention, section 5153, Rev. Laws 1910 (sec. 695, Comp. Stats. 1921), wherein it is provided that when an execution is not issued on a judgment within five years—

"Such judgment shall become dormant and shall cease to operate as a lien on the estate of the judgment debtor."

Counsel for defendants cite a list of authorities to support the contention that, after a judgment has become dormant, as in this case, the same could not be enforced, and a lien created thereby or brought to life in an action brought by the judgment creditor for that purpose. The case at bar, however, presents a different question from that presented in the authorities cited by counsl for defendants. The defendants, in the instant case, in their cross-petition, attacked

the proceedings had under the judgment in the Maker Case, and sought to have the court quiet title in them as against any right, title, claim or interest of the plaintiff, Minton, by virtue of such dormant judgment. The plaintiff's reply and answer to the petition of the defendants is a counterclaim within the meaning of section 4746, Rev. Laws 1910, being section 274, Comp. Stats. 1921, which provides that:

"A counterclaim shall not be barred by the statute of limitations until the claim of the plaintiff is so barred."

The defendants occupy the position of plaintiffs in their cross-petition. Therefore, since the claim of the defendants, who became plaintiffs in their cross-petition, was not barred, then the counterclaim of the plaintiff was not barred by the statute of limitations.

The defendants will not be permitted to attack the judgment which has beome dormant on account of the statute of limitations, and then complain because the plaintiff sets up, as a counterclaim the rights given him by such judgment. The purpose of a statute of limitation is to put titles in repose; and one party cannot awaken a title from its repose by attacking it and then prevent the other party from defending, and claiming that it is awake. This question was fully discussed and decided by this court in the case of Clark v. Duncanson, 79 Okla. 180, 192 Pac. 806, and at page 810, the court holds that:

"It does not matter whether it is called a cross-petition, cross-complaint or counterclaim, if it is a counterclaim within the meaning of section 4746, Rev. Laws 1910, the running of the statute of limitations is arrested by the commencement of the plaintiff's action." Cooper v. Gibson, 69 Okla. 105, 170 Pac. 221; Mowatt v. Shidler, 66 Okla. 303, 168 Pac. 1169; Stauffer v. Campbell, 30 Okla. 76, 118 Pac. 391; McKay v. Hall, 30 Okla. 773, 120 Pac. 1108, 39 L. R. A. (N. S.) 658; Advance Thresher Co. v. Doak, 36 Okla. 532, 129 Pac. 736.

When the defendants filed their cross-petition and sued to quiet title against the plaintiff's claim of title and interest in and to the property in question, by virtue of the dormant judgment complained of, the running of the statute of limitations as against such judgment was arrested; and the court properly decreed the plaintiff to have a lien on said property for the amount of such judgment.

Again, the defendants do not contend that the judgment rendered against their ances-

tor, from whom they procured title to this property, is not just—they do not question the correctness nor justness of the note, upon which the judgment was procured; but their position is that this judgment is barred by the statute of limitations, and the property they inherited should not be held for this indebtedness. In other words, they are willing to take all of the benefits derived from the estate of their ancestors, but refuse to shoulder any of the burdens or responsibilities incident thereto. While it is true that the plaintiff could not enforce this judgment when the statute of limitations is pleaded as a defense thereto, but in this case, the defendants have come into a court of equity, seeking affirmative equitable relief by asking to have their title quieted to this property, and to have the judgment of the plaintiff set aside as a cloud on their title to said property. The maxim that, "He who seeks equity, must do equity," applies with full force here; and a litigant, who asks affirmative equitable relief, will be required to honor and respect this maxim, regardless of the statute of limitations, which is no bar to requiring the performance of right and justice. When a party comes into a court of equity seeking relief, he is bound to do justice, and not ask the court to become an instrument of iniquity.

The court in this case very properly required the defendants to do equity and justice by paying said judgment as a prerequisite to having their title quieted to the property in question.

This principle was discussed in the case of Gibson v. Johnson (Kan.) 84 Pac. 982. wherein the following rule is laid down, to wit:

"The law does not permit a mortgagor to quiet title against the holder of his mortgage on the naked ground that the right to foreclose the mortage has become barred by the statute of limitations." Capell v. Dill et al., 82 Kan. 652, 109 Pac. 286; Walter v. Chance, 73 Kan. 680, 685, 85 Pac. 779, 780; Whitehead v. Stevens, 54 Okla. 337, 152 Pac. 445.

"The mortgagor will be required to pay the mortgage debt as a condition of redeeming, though the lien is extinguished because equity requires every one seeking equity to to equity." Power and Irrigation Co. v. Capay Ditch Co., 226 Fed. 634, 141 C. C. A. 390.

In discussing this principle of equity requiring the payment of existing liens as a prerequisite to having a court of equity to quiet title, the following language is used in 5 R. C. L., at page 664, sec. 36, to wit:

"This condition may be imposed though the debt is barred by the statute of limitations, the test being whether the money is morally due."

In 10 R. C. L. at page 394, sec. 141, in discussing the maxim that "he who seeks equity, must do equity," the following rule is laid down, to wit:

"Where a litigant asks affirmative equitable relief, he will be required to honor the maxim, irrespective of the statute of limitations, which in such cases is no bar to the imposition of equitable conditions."

In case of the Bank of Alma v. Hamilton (Neb.) 133 Am. St. Rep. 676, the court holds:

"If a litigant asks affirmative equitable relief, he will be required to do justice himself with regard to any equity arising out of the subject-matter of the action in favor of his adversary, and the statute of limitations is no bar to the imposition of such condition."

For the reasons stated, the judgment of the lower court is affirmed.

By the Court: It is so ordered.