## HOLMES v. HELBACH et al.

No. 14896—Opinion Filed Dec. 9, 1924.

**Quieting Title—Mortgages—Statute of Limitations as Defense to Cross-Petition.**

In a suit to quiet title, the statute of limitation is available to the plaintiff against the cross-petition of the mortgagee, his assignee, or successor in interest, not in possession, seeking to foreclose their lien, or requiring plaintiff to tender balance due under a void judgment, as a condition precedent to equitable relief.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County: Asa E. Walden, Judge.

Action by R. E. Helbach against Edward E. Holmes et al. Judgment for plaintiff, and defendant Holmes appeals. Affirmed.

Potterf & Gray, I. R. McQueen, and C. B. Kidd, for plaintiff in error.

Sigler & Jackson, for defendants in error.

Opinion by JONES, C. This was a suit to remove cloud from title instituted in the district court of Carter county by the defendant in error, as plaintiff in the trial court, against Edward E. Holmes, defendant in the trial court, plaintiff in error in this court.

Upon the trial of the case judgment was rendered quieting title in the plaintiff and canceling a certain deed held by the defendant, Edward E. Holmes. The record discloses that the controversy involves the title to 15 acres of land in Carter county, which the plaintiff, Helbach, had formerly purchased from W W. Miller by warranty deed; that prior to the execution of the deed, Miller had mortgaged said tract together with other lands to Willard P. Holmes; default being made in payments secured by said mortgage. Willard P. Holmes instituted foreclosure proceedings a short time after the plaintiff, Helbach, had secured deed

from Miller, and had gone into possession of the land. The foreclosure proceeded to judgment and the land was advertised and sold to the defendant, Edward E. Holmes, the defendant in this case, who was the purchaser at the sheriff's sale, and the sheriff's deed was issued to him covering the 15 acres involved in this case. No service in the foreclosure proceedings was ever had on Helbach, the plaintiff in this case, who it is admitted had purchased the land here involved and had gone into possession, and was in actual possession at the time of the institution of the foreclosure proceedings; which in no wise affects his rights under the warranty deed. In this case the defendant filed an answer to plaintiff's petition in which he denies generally the allegations of the petition, and sets up his claim as the owner of the lands described in the petition by reason of the foreclosure sale and the sheriff's deed, and further avers that there was a mortgage on said premises, and asks for a foreclosure of said mortgage against the plaintiff. Thereafter the plaintiff filed a reply in which he alleges that the notes and mortgage set out in the defendant's answer were barred by the statute of limitation. Upon the trial of the case, judgment was rendered in favor of the plaintiff and against defendants, from which judgment of the court the appellant prosecutes this appeal, and sets forth as assignments of error:

"First, that the trial court erred in rendering the judgment for the plaintiff, in that the judgment is contrary to law.

"Second, that the trial court erred in rendering judgment for the plaintiff without imposing the condition on the plaintiff."

There is apparently no conflict as to the facts in this case, and the only question for our determination is whether or not the statute of limitation is available to the plaintiff as against the answer of the defendant setting up the fact that there is an unsatisfied mortgage outstanding against the premises involved.

The appellant calls attention to various authorities, but the leading case which he cites and relies on is that of Burns v. Hiatt (Cal.) 87 Pac. 196, but this authority and the case cited in the opinion are cases where the mortgagee had gone into possession, and the court's holding, that the complainant who seeks to quiet title as against the mortgagee in possession must tender the amount due under the mortgage before he is entitled to equitable relief, is evidently based on the theory that the statute of limi-

tation does not run as against a mortgagee in possession, and for that reason parties seeking to quiet title and asking for the cancellation of the mortgage as against a mortgagee in possession, would not be entitled to the relief sought unless they tender the amount due under the mortgage. In 17 R. C. L. art. 359 on page 982, wherein the author discusses the effect of the statute of limitation as against persons in possession of land, we find this language:

"Nor can time ever run against the mortgagee in possession because he is in the actual possession of all the law gives him, and the possession itself is prima facie evidence that the money is not paid," citing Pettit v. Louis, 88 Neb. 496, 34 L. R. A. (N. S.) 356, and the note to said case.

But in this case the mortgagee, nor the appellant, Edward E. Holmes, successor to his interest by reason of being the purchaser of the foreclosure sale, and the holder of a sheriff's deed, never went into possession, and hence a different rule applies. In 32 Cyc. page 1320, we find the following rule:

"However, one seeking to quiet his title to realty may interpose the bar of the statute against a mortgagee defendant seeking to foreclose in such action his mortgage lien"

—citing the case of Hogaboom v. Flower (Kan.) 72 Pac. 547, which involves the same question involved in this case, and the court in passing upon same said:

"Another contention is that in an action to quiet title to real estate the plaintiff cannot interpose the statute of limitation against a defendant mortgagee. Section 4453, Gen. St. 1901: 'When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense.' This provision is broad enough to and includes all actions, whether legal or equitable. A right of action thus barred is dead for all purposes while the bar continues. Courts cannot revitalize it or give it force. It is as if no such right had ever existed. It is of no importance how or by whom it is brought upon the record. It is no more potent to defeat a recovery than it is to sustain one. It is said in Donald et al. v. Stybr, 70 Pac. 650, 65 Kan. 578: 'In an action to quiet his title, brought by a senior mortgagee, who had obtained a sheriff's deed and possession of the premises under a foreclosure of his mortgage against the mortgagors, without joining a second mortgagee as a party, the answer of the second mortgagee claiming the right to redeem disclosed the fact that his right to recover against the mortgagors was barred by the statute of limitations Held, that the answer stated neither a cause of action for redemption nor ground of defense to the plaintiff's suit,'"

—in which case the court calls attention to the Kansas statute, which seems to be practically identical with ours (section 192, Comp. Stat. 1921) which is as follows:

"When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense, except as otherwise provided with reference to a counterclaim or set-off."

And while there may be some conflict among the authorities, we think evidently in jurisdictions where a statute such as ours is in force, it is clear that the complainant seeking to quiet his title may avail himself of the statute of limitation to defeat the rights of a party holding under a mortgage against which the statute of limitation has run. The cases of Donald v. Stybr (Kan.) 70 Pac. 650; Floyd Co. v. Cheny, 57 Iowa, 100, 10 N. W. 324, and the case of Walker v. Boh, 82 Kan. 354, 4 Pac. 272, are authorities cited in support of this rule, and under these authorities we are inclined to the opinion that the judgment of the trial court is correct, and we therefore recommend that same be affirmed.

By the Court: It is so ordered.