### HAWK, Trustee, v. EVATT et al.

No. 21068.   Opinion Filed July 6, 1932.

Rehearing Denied Dec. 27, 1932.

Albert Rennie, for plaintiff in error.

Roy Glasco, for defendants in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district court of McClain county in quieting title to the lands embraced in a suit, brought in said county by J. R. Evatt, plaintiff, against Gaston Hickman, Mary Hickman, James A. Cotner, S. C. Hawk, trustee of the American Trust Company, a bankrupt, Harry Pierce, and the unknown heirs, administrators, executors, devisees, trustees and assigns, immediate and remote, of John Hickman, deceased, Mississippi-Choctaw Indian roll No. 390, and the unknown heirs, administrators, executors, devisees, trustees and assigns, immediate and remote, of R. M. Cummings, deceased, defendants, in case No. 4282.

The proceeding was amended during the progress of the trial so as to make other parties claimants to the land that embraced the original allotment of John Hickman, a Choctaw-Chickasaw Indian, and 40 acres of the land that was allotted to Lucy McMurtry was involved, though with reference to this there does not seem to have been controversy in the court below. The pleadings are voluminous, embracing about 80 pages of closely typewritten matter. An agreed statement of facts, however, covered most of what appeared in the evidence, and the findings of fact and the conclusions of

law of the court below covered a great many points, some of which are assigned for error here, the plaintiff in error here being S. C. Hawk, trustee of the American Trust Company, a bankrupt, and the defendants in error here being J. R. Evatt, J. P. Jones, and T. H. Davenport.

Among other points involved was the question of the statute of limitations, and as to whether or not it had run upon the notes held by the plaintiff in error and the mortgage securing them. Incidentally, there was involved the law of inheritance in the Choctaw Nation prior to statehood, and the law of legitimacy and the effect of illegitimacy, and recognition by the father, and the power of the federal court to sell land inherited by minors from a full-blood ancestor in the Choctaw and Chickasaw Nations prior to statehood, and the actions of the probate court since the passage of the act in 1908, in approving deeds of Indian heirs, and the question of failure of title and estoppel, and, among other things, the statute of limitations. A great many authorities are cited upon the various points, but we think that it is only necessary, the way the case turned out, to consider the one proposition, because if that is decided against the plaintiff in error, the others pass out of consderation.

The plaintiff in error is the trustee in bankruptcy of a bankrupt corporation that was dealing in lands and went into bankruptcy in the year 1912. The land was in the name of M. P. Gillett, who held it in trust for the bankrupt corporation, the American Trust Company of Purcell, and it was sold to the grantors of the defendants in error in March, 1910, and a mortgage was taken to the American Trust Company for a balance of the purchase price, the mortgage being for $2,375, and the last note securing it falling due on December 1, 1915, and no payments thereof after the last note fell due, the petition in the suit being filed on the 3rd of January, 1928, by the grantees of the mortgagors to remove said mortgage as a cloud on the title. Evidently the occasion for doing so was to clear title so the owner could lease the land for oil.

The trial court found in favor of the landowners, and made a great many findings, and among others that the statute of limitations had run against the claim under the mortgage prior to the institution of the suit to clear the title, and the mortgage could not be used as a defense.

A brief has been filed in the case on behalf of the trustee in bankruptcy in which a great many law points and decisions of the court are set out, the range of the brief running from the time of the allotment through the decisions prior to statehood and since. On the question of the statute of limitations, which it seems to us would have to be settled first, the brief is very meager, and some cases are cited holding that a man coming into a court of equity must do equity, and several cases are cited announcing that where the plea is failure of consideration and the party has been let into possession, he must as a condition of the plea offer to restore the property gotten, and Sutherland's Code Pleadings & Practice is referred to, citing the case of Burns v. Hiatt (Cal.) 87 P. 196, and the case of Fixico v. Chapman, 141 Okla. 86, 284 P. 8, is cited to show that error was committed in allowing the enrollment record of Gaston Hickman to be introduced, and several of the conclusions of law are controverted with reference to the proceedings leading up to the sale by the trustee, holding the property, to the grantors of the plaintiffs.

An elaborate brief has been filed on the other side, controverting the position as to the application of the rule of restitution, and it is claimed that the cases cited by the plaintiff in error are not here applicable, and an effort is made to distinguish the case of Burns v. Hiatt, cited above, and the case of Holmes v. Helbach, 105 Okla. 71, 231 P. 478, on the subject of the statute of limitations. It appears from the computation made in the brief that of 250 acres of land here involved, the present plaintiff in error's cestui que trust had title to 95 acres, and that on the purchase price of $6,000 for the 250 acres $4,124 was paid by the grantees, and that their title was finally perfected by the payment of $3,400 more money, so that the money actually spent by the holders of the land in getting title would exceed the purchase price by several hundred dollars.

As applied to this case, it is clear that had the present plaintiff in error sued to recover the balance on the notes held by it, it could successfully have been met by a plea of the five-year statute of limitation in force in this jurisdiction, as no payments were made upon the notes after the maturity of the last note, which was due in 1915. No authority is cited to show anything done by the present owners of the land or their grantors that would toll the statute, and

in the evidence there is nothing except the claim that the money necessary to be paid to one of the heirs, which was paid in the year 1917, was paid by the bank or by Mr. Pierce, who was interested in it. However, that would not affect the matter if true, as 11 years elapsed after that was done before suit, and no action was taken to foreclose the mortgage.

Our Constitution and our statutes recognize that the statute of limitations is a statute of repose and not merely a statute of presumption. Section 52, art. 5, of the Constitution, is as follows:

"Sec. 52. The Legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state. After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action. or destroy any existing defense to such suit."

Our statute on the subject is section 108, Okla. Stat. 1931, as follows:

"108. Barred Action Unavailable Either as Cause of Action or Defense, Except Counterclaim or Set-Off.

"When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense, except as otherwise provided with reference to a counterclaim or set-off."

The matter was considered by this court in the case of Holmes v. Helbach; cited above, decided the 9th of December, 1924, as to the availability of the statute of limitations at the instance of the plaintiff in a suit to quiet title, wherein the impediment to be removed was a mortgage, and the syllabus in that case is as follows:

"In a suit to quiet title. the statute of limitation is available. to the plaintiff aganst the cross-petition of the mortgagee, his assignee, or successor in interest. not in possession, seeking to foreclose their lien. or requiring plaintiff to tender balance due under a void judgment. as a condition precedent to equitable relief."

That case cites a lot of Kansas cases that go into the reason for the rule. We find nothing that has been urged here to cause us to depart from the rule that we think is prescribed by the Constitution and the statutes as declared in the case referred to.

It is not necessary to consider the other matters, as the plaintiff in error is barred by the statute of limitations. The case is accordingly affirmed at the cost of the plaintiff in error.

RILEY, HEFNER, CULLISON, ANDREWS, and McNEILL, JJ. concur. LESTER, C. J., CLARK, V. C. J., and SWINDALL, J., absent.