BURROUGHS v. BURROUGHS et al.

No. 31758. Oct. 9, 1945.

*162 P. 2d 549.*

L. L. Roberts, of Vinita, for plaintiff in error.

Carey Caldwell, of Vinita, for defendants in error.

DAVISON, J. This action is presented on appeal from the district court of Craig county. It is an action to quiet title which was instituted on July 12, 1943, by Lillie M. Burroughs, as plaintiff, against B. C. Burroughs and others, including M. W. Beard, as defendants. M. W. Beard is the owner and holder of a mortgage on the property. The mortgage was executed on January 28, 1920, by H. M. Burroughs and Lillie M. Burroughs, his wife, to M. W. Beard, to secure the payment of a debt in the sum of $1,400 representing a part of the purchase price of the mortgaged property. The $1,400 debt was evidenced by three promissory notes, one for $400 and each of the others for $500. The note for $400 fell due in six months, one of the $500 notes became due in 18 months and the other fell due in 30 months. The $400 note was paid and $25 was paid on one of the $500 notes. The $25 payment was made on July 3, 1926. Since the date last

mentioned there has been no further payment on the mortgage debt, the same has not been acknowledged in writing, nor has anything else been done which could operate to toll the statute of limitations. The mortgagor has been in possession of the property throughout the years.

The defendant, M. W. Beard, filed his answer in this cause in which he pleaded the debt and the mortgage securing the payment thereof and sought to prevent a decree quieting plaintiff's title to the land until the mortgage debt should be paid.

The cause was tried to the court without the aid of a jury. The trial court entered its order dismissing the cause upon plaintiff's refusal to pay the mortgage debt. The plaintiff has appealed and appears before this court as plaintiff in error. The order of appearance is thus preserved. Our continued reference to the parties will be by their trial court designation.

The decision of the trial court was based upon Nellis v. Minton, 91 Okla. 75, 216 P. 147, wherein we said:

"He who seeks equity must do equity. Where affirmative equitable relief is asked by heirs who seek to quiet title to real estate against a judgment lien, which judgment was rendered in the district court against their ancestor, and said judgment has not been satisfied, and has become dormant by reason of the statute of limitations, held, that the trial court committed no error in quieting title to said real estate, subject to the payment of said judgment."

In Nellis v. Minton, supra, our statute, 42 O.S. 1941 § 23, was not mentioned. The statute provides:

"A lien is extinguished by the mere lapse of time within which, under the provisions of civil procedure, an action can be brought upon the principal obligation."

A close examination of Nellis v. Minton, supra, discloses that L. E. Minton, who claimed under the judgment, was in possession of the premises. His position was comparable to that of a mortgagee in possession. See Neel v. First Federal Savings & Loan Association of Shawnee, 194 Okla. 133, 147 P. 2d 440.

Subsequent to our decision of Nellis v. Minton, supra, we decided the case of Hawk, Trustee, v. Evatt et al., 161 Okla. 82, 17 P. 2d 386, in which we decided that title could be quieted against a mortgage on which the statute of limitations had run.

We have also decided Holmes v. Helbach, 105 Okla. 71, 231 P. 478, in which we decided that the statute of limitation is available to the plaintiff against a mortgage barred by the statute of limitation. In that case we said:

"And while there may be some conflict among the authorities, we think evidently in jurisdictions where a statute such as ours is in force, it is clear that the complainant seeking to quiet his title may avail himself of the statute of limitation to defeat the rights of a party holding under a mortgage against which the statute of limitation has run. The cases of Donald v. Stybr, 65 Kan. 578, 70 P. 650; Floyd Co. v. Cheney, 57 Iowa, 160, 10 N.W. 324, and the case of Walker v. Boh, 32 Kan. 354, 4 P. 272, are authorities cited in support of this rule, and under these authorities we are inclined to the opinion that the judgment of the trial court is correct. . . ."

Historically, 42 O.S. 1941 § 23, supra, is supposed to have been taken from Dakota. However, an examination of the Dakota laws reflects that the Dakota statute reads as follows:

"A lien is not extinguished by the mere lapse of the time within which an action can be brought upon the principal obligation under the provisions of the laws of this state."

Comparison of our statute with that of Dakota discloses that they are directly opposite. The two statutes above quoted, our own and that of Dakota, are typical of two classes of statutes which

exist in the different states of this Union. Under the Dakota statutes and other statutes similarly worded, the mortgage lien survives the debt which the mortgage is given to secure. Tracy v. Wheeler, 15 N. D. 248, 107 N. W. 68, 6 L. R. A. (N. S.) 516. Under statutes like our own the mortgage lien terminates with the debt by virtue of the statute of limitations and under 42 O. S. 1941 § 23.

Montana has a statute worded the same as our own. The purpose and effect of that statute was considered by the Montana court in Berkin v. Healy, 52 Mont. 398, 158 P. 1020. There the court declared that: "When the mortgage ceases to be a lien, it ceases to be a mortgage."

Kansas has a statute similar to that of Oklahoma but more precise in the accomplishment of its purpose. That statute was enacted in 1911. It is chapter 232 of the acts of 1911 (Kan.). The first section of the law provides:

"When any mortgage on real estate has been in default for more than fifteen years or the lien thereof has ceased to exist, or when action to enforce such mortgage is barred by the statute of limitations, the owner of the land may maintain an action to quiet his title and have the cloud removed."

Under the Kansas statute the Supreme Court of that state has consistently held that title may be quieted against a mortgagee when the time prescribed by the statute has expired. Shepard v. Gibson, 88 Kan. 305, 128 P. 371; Zuege v. Nebraska Mortgage Co., 92 Kan. 272, 140 P. 855, 52 L. R. A. (N. S.) 877.

In view of the holdings of the foregoing authorities, and in view of the particular wording of the aforesaid statute, we are of the opinion that a mortgagor or his heirs may successfully institute and maintain an action to quiet title against a mortgagee, not in possession of the mortgaged property, when the mortgage lien has been extinguished by a lapse of time sufficient to bar an action on the mortgage debt.

The judgment of the trial court is reversed, with directions to enter judgment for the plaintiff.

GIBSON, C.J., HURST, V.C.J., and OSBORN, WELCH, and ARNOLD, JJ., concur. RILEY, J., dissents.