MOORE v. KENNEDY et al.

No. 31497. Feb. 5, 1946.

*165 P. 2d 832.*

J. S. Severson, of Tulsa, for plaintiff in error.

F. J. Lucas, of Tulsa, for defendant in error Mrs. May Kennedy.

Z. I. J. Holt, of Tulsa, for defendant in error Lucile Leonard Neas.

OSBORN, J. This is an action to quiet title brought by the plaintiff, J. L. Moore, on November 23, 1938, against the defendants, May Kennedy, Mrs. Lucile Leonard, now Mrs. Joe Neas, and various other parties. The trial court refused to quiet plaintiff's title unless plaintiff paid off and satisfied certain mortgages against the land involved in the action, held by the defendants above named. Plaintiff appeals.

The pertinent facts necessary to an understanding of the question presented are as follows: The action was brought to quiet plaintiff's title to 120 acres of land located in Tulsa county, which land was the surplus allotment of Thomas Jefferson, a full-blood Creek Indian, who died on May 18, 1930, leaving surviving as his sole and only heirs his widow, Nettie Jefferson, his daughter, Ravella Jefferson, and a son, Thomas Jefferson. The heirs were not restricted. Plaintiff obtained a warranty deed from Nettie Jefferson on November 13, 1930, and a warranty deed from Ravella Maish, formerly Jefferson, dated September 16, 1933. Plaintiff took possession of the land as owner on November 13, 1930, and has ever since been and is now in possession thereof, claiming title to an undivided 2/3 interest in the land by virtue of the aforesaid deeds.

456

In his petition to quiet title plaintiff alleged that the named defendants were claiming some right, title, and interest in and to the premises, the exact nature of which was to the plaintiff unknown and could not be set out, and that said claims were void and should be canceled, set aside, and held for naught, and plaintiff's title quieted as against them. The answer of defendant Mrs. Joe Neas denied all allegations of the petition, alleged that Floyd C. Leonard died while a resident of Tulsa county, and that his estate was distributed to her as his sole devisee, and requested the court to require the plaintiff to make strict proof of his allegations against said estate and against her. The answer of May Kennedy alleged that she had a "valid and existing mortgage lien on the premises" prior in date to the deed under which plaintiff claims title, which mortgage had been executed by Nettie Jefferson. By cross-petition she alleged that she was the owner of three valid real estate mortgages upon the real property involved and prayed for foreclosure thereof. In his reply to the answer of Mrs. Joe Neas and his reply to the answer and cross-petition of Mrs. May Kennedy, plaintiff pleaded that any claims asserted by them were barred by the statute of limitations for the reason that no action had been filed thereon within five years from the time the mortgage debts became due and payable.

At the trial, the court having held that the burden of proof was upon the plaintiff, plaintiff introduced in evidence a mortgage to Floyd C. Leonard, dated May 20, 1930, securing a note for $585.20, due and payable May 20, 1932. He also introduced in evidence three mortgages held by May Kennedy, one dated June 27, 1930, securing a note due May 21, 1932, another dated August 25, 1930, securing a note due October 15, 1930, and another dated October 22, 1930, securing a note due January 1, 1931. All of the above described mortgages were made by Nettie Jefferson, the widow of Thomas Jefferson, and the mortgage first above mention-

ed, made to Floyd C. Leonard, had been distributed to Mrs. Joe Neas, formerly Lucile Leonard, as sole devisee under the will of Floyd C. Leonard. No payment, or written acknowledgment of indebtedness, or any other action which would toll or extend the operation of the statute of limitations upon the indebtedness secured by said mortgages, was made, done, or performed by the mortgagor or by plaintiff, and it is conceded that the five-year statute of limitations has run as to each of them. It is undisputed that the note and mortgage executed by Nettie Jefferson to Floyd C. Leonard, and now held by Mrs. Joe Neas, was given to secure the payment of the funeral expenses of Thomas Jefferson, deceased.

The decisive question presented is whether, under the circumstances above set forth, the trial court erred in refusing to quiet the title of plaintiff until he had paid off and satisfied the mortgage indebtedness of the two named defendants. The different types of answers filed by the two defendants requires separate consideration of the contentions between the parties.

Taking up first the contention between plaintiff and defendant Mrs. Joe Neas, plaintiff contends that the decisions of this court in Holmes v. Helbach, 105 Okla. 71, 231 P. 478, and Hawk v. Evatt, 161 Okla. 82, 17 P. 2d 386, are decisive of the question presented, and that in each case we held that title could be quieted against a mortgage on which the statute of limitations had run. The defendant Neas points out that in her answer she did not set up her mortgage nor assert any claim thereunder, nor seek to foreclose the same, and insists that for this reason the decisions above cited do not apply. She relies upon Gibson v. Johnson, 73 Kan. 261, 84 P. 982, and other cases therein cited. These cases hold that the plaintiff may not use the statute of limitations to obtain affirmative relief, and that only in the event the holder of the mortgage becomes the aggresssor and seeks affirmative relief against the plaintiff can the plain-

tiff successfully urge the bar of the statute of limitations against a mortgage debt. This rule applied in Kansas until the enactment of chapter 232 of the Laws of 1911, which statute was enacted for the purpose of avoiding the "sword and shield" rule announced in Gibson v. Johnson, supra, and other Kansas cases. Shepard v. Gibson, 88 Kan. 305, 128 P. 371.

In the recent case of Burroughs v. Burroughs, 196 Okla. 50, 162 P. 2d 549, we held, after a re-examination of the authorities, that a mortgagor could successfully institute and maintain an action to quiet title against the mortgagee, not in possession of the mortgaged property, when the mortgage lien had been extinguished by lapse of time sufficient to bar an action upon the debt secured by the mortgage. In that case we set out our statute, 42 O. S. 1941 § 23, and pointed out the similarity of that statute to chapter 232 of the Kansas Laws of 1911. In that case the defendant's answer did not seek to foreclose the mortgage, but merely pleaded the debt and mortgage and sought to prevent a decree quieting plaintiff's title to the land except upon payment of the mortgage debt. In that case, and in Holmes v. Helbach, supra, and Hawk v. Evatt, supra, the court granted affirmative relief to the plaintiff by quieting the plaintiff's title against the mortgagors. Had the court intended in these cases to apply the "sword and shield" rule announced in Gibson v. Johnson, supra, the court would simply have refused to grant the defendants any relief under their respective mortgages, and would likewise have refused to grant any relief to the plaintiff. We can perceive no substantial reason for refusing relief in a case in which the plaintiff in his petition sets up the mortgage and alleges its extinction by reason of the operation of the statute of limitations, if such relief may be granted in a case where the mortgage is set up by the defendant and the statute of limitations is pleaded thereto by way of reply. If, as provided by our statute, the running of the statute of limitations extinguishes the lien, the holder of the mortgage has nothing, so that the decision of the court in either case does not operate to divest him of any right, title, or interest in the property. That the law has already done. The mortgage standing unsatisfied of record is a technical and unenforceable cloud upon plaintiff's title, an ostensible lien, but in reality no lien whatever, which plaintiff is entitled to have expunged from the record. To hold that plaintiff may have his title quieted against such mortgage when, in his action brought to quiet title, the defendant attempts to assert rights under the mortgage, but that plaintiff is not entitled to relief where the defendant asserts no right under the mortgage, is a distinction without a difference. In neither case is the defendant entitled to any relief, nor does the plaintiff, by virtue of the operation of the statute of limitations, deprive the defendant of any right. It follows that the trial court erred in refusing to quiet plaintiff's title against the defendant Neas.

The defendant Neas points out that the note secured by her mortgage was given in payment of the claim of Floyd C. Leonard against the estate of Thomas Jefferson for funeral expenses, and that in the deed made by Nettie Jefferson to plaintiff the following exception appears: "Except funeral expenses of Thomas Jefferson, deceased." As we view the matter, the fact that the mortgage was given to secure the payment of such indebtedness is immaterial. The land of Thomas Jefferson being restricted, by reason of the fact that he was a full-blood citizen of the Creek Nation, it was not subject to the payment of his debts, and did not become an asset of his estate subject to administration. Ryburn v. Carney, 170 Okla. 255, 39 P. 2d 9. The claim for such expenses, if filed in the county court and approved by that court, would not be a charge or lien upon the restricted land, and the fact that it was for funeral expenses gave no additional sanctity to the mortgage which would enable

458

it to survive the operation of the statute of limitations, and prevent it from being extinguished under the provisions of 42 O. S. 1941 § 23. No authority so holding is cited in the brief of the defendant Neas, and the point is made more by way of suggestion than as a contention. We think the nature of the claim secured by the mortgage has no bearing upon the question presented.

As to the defendant Kennedy, she sought by cross-petition to foreclose the lien of her mortgages against the land and therefore falls squarely within the rule announced in Holmes v. Helbach, Hawk v. Evatt, and Burroughs v. Burroughs, supra. She seeks to avoid the force of these cited cases by citation of authorities from other states and by the further assertion that her cross-petition is in the nature of a counterclaim, and that under the proviso in 12 O. S. 1941 § 273, such counterclaim is not barred until the claim of the plaintiff is also barred. In Stolfa v. Gaines, 140 Okla. 292, 283 P. 563, and again in Mansfield-Brunson-Kemp & Ahrens v. King, 160 Okla. 243, 16 P. 2d 87, we held that a cross-petition, in an action to quiet title, did not constitute a counterclaim within the meaning of the proviso in section 273, supra, and that plaintiff could plead the statute of limitations against the cause of action pleaded in the cross-petition.

The trial court erred in refusing to quiet plaintiff's title against the claims of the defendant May Kennedy.

Reversed and remanded, with directions to enter judgment for the plaintiff quieting his title against the claims of the named defendants.

HURST, V.C.J., and BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. RILEY, J., dissents.