[No. 8,466.—Department Two.]
December 20, 1882.

IN THE MATTER OF THE ESTATE OF H. LOSHE, DECEASED.

BURDEN OF PROOF ON CONTEST OF CLAIM ALLOWED AGAINST ESTATE—ESTATES OF DECEASED PERSONS—CONTEST OF CLAIM—ACCOUNT OF EXECUTOR OR ADMINISTRATOR—BURDEN OF PROOF—EVIDENCE.—Under Section 1497, C. C. P., a claim which has been duly allowed, approved, and filed against the estate of a decedent is ranked among the acknowledged debts of the estate, to be paid in due course of administration, and in the event thereafter of a contest as to such claim arising in the course of administration, the burden of proof is on the contestant of such claim.

APPEAL by the claimant, John Ziegenbein, from the order or judgment of the Superior Court of the County of Placer, disallowing his claim, and also from the order of said Court denying a motion for a new trial. MYRES, J.

Contest of a claim on settlement of account of executor. The facts are stated in the opinion of the Court.

*Jo Hamilton*, for Appellant.

The claim of appellant having been allowed, approved, and filed against the estate, had the force and effect of a judgment. (*Deck's Estate* v. *Gherke*, 6 Cal. 667; *Beckett* v. *Selover*, 7 id. 228; *Estate of Schroeder*, 46 id. 319; *Estate of McKinley*, 49 id. 154.) Having the force and effect of a judgment, all the presumptions are in favor of its validity. (*Estate of Schroeder*, 46 id. 319; *Hillebrant* v. *Burton*, 17 Tex. 138.) In compelling the claimant to assume the affirmative on the contest, the Court below, therefore, committed an error.

*C. A. & C. Tuttle*, for Respondents.

At the hearing, the Court held that the affirmative of the issue lay with Ziegenbein, the creditor whose claim was contested, and this is assigned as error. We maintain the Court was correct. When a claim is allowed, the executor can not afterwards contest it. (*Estate of McKinley*, 49 Cal. 152.) If an executor rejects a claim, the claimant must sue. He then holds the affirmative of the issue. In other words, the one who presents a claim for allowance, if it is contested, must first offer testimony to show that it is correct. Is the case changed when the executor allows the claim, and so reports it in his account, and the other creditors then contest it ? To say that the contesting creditors hold the affirmative is, in effect, asking them to prove a negative. The issue is this: Z., one creditor, alleges that the estate owes him eighteen thousand dollars, and G., another creditor, says the estate does not owe him. Certainly, if Z. does not prove his claim it can not be allowed.

Let us assume that the contesting creditor holds the affirmative. The case is called for trial, and the contesting creditor says he has no testimony to offer. Must judgment go for the claimant without proof ? In any other case, if the one alleging a fact offers no testimony, he is nonsuited. We can not see that the allowance of the claim by the executor alters the case. His allowance does not bind the other creditors, if they choose to contest. (C. C. P., § 1635.)

MYRICK, J.:

In due time J. Ziegenbein presented in due form to the executor a claim against the above estate for $18,628.35. The executor indorsed upon the claim his allowance thereof at the sum of $18,548.35, rejecting an item of $80. The Judge of the Superior Court indorsed on the claim his approval of the allowance of the executor. The executor having filed his account and report of his administration, A. H. Gates and others, creditors of the estate, contested the account, and excepted thereto, especially the claim of Ziegenbein, and stated in writing their grounds of contest. A day for hearing the contest was set. At the hearing, the Judge of the Court below "ruled that the affirmative of the issue lay with the parties who sought to sustain the report of the executor."

This ruling was error. Section 1497, C. C. P., declares that a claim allowed and approved, and filed, shall be "ranked among the acknowledged debts of the estate, to be paid in due course of administration." When a claim, in the course of allowance and approval, reaches the point that it is to rank among the acknowledged debts of the estate, we apprehend that the claimant may rest on that point until he be attacked.

There are at least two points in the administration of an estate at which an approved claim may be contested, viz., when application is made for the sale of property (C. C. P., § 1540), and when an account is rendered for settlement (id., § 1636); but, in making the contest, the contestant has the affirmative, and must show cause. It is not necessary to consider how far the allowance and approval of a claim resemble or give the effect of a judgment; it is sufficient to say that such a claim is to "rank among the *acknowledged* debts of the estate, to be paid in due course." If it be an acknowledged debt, it is good until cause be shown.

Orders reversed and cause remanded for further proceedings.

SHARPSTEIN, J., and MORRISON, C. J., concurred.