## In re JAMESON'S ESTATE.

No. 8785—Opinion Filed Jan. 28, 1919.

Rehearing Denied July 15, 1919.

(182 Pac. 518.)

1. **Executors and Administrators—Administrator's Sale of Realty—Objection by Heir to Approved Claim.**

An heir may raise objections to an approved claim at the hearing of petition of the administrator to sell real estate to pay said claim.

2. **Executors and Administrators—Claims Against Estate—Limitations—Notice.**

The statute of nonclaim is tolled during the time there is a vacancy in the administration, and where an administrator is appointed and gives notice to creditors to present claims, and before the notice has run the statutory time of four months, such administrator is removed and another administrator appointed, the statute of nonclaims is tolled from the time of the removal of such administrator until his successor shall give notice to creditors to present claims. The second administrator is required to give notice for the unexpired time allowed for the presentation of claims only.

3. **Indians—Allotment of Deceased Creek Freedwoman—Liability for Payment of Debts—Lien.**

The allotment of a deceased Creek freedwoman occupied during her lifetime as a homestead is not subject to the payment of any debt or liability contracted by her or existing against her previous to her death or at the time of her death, unless such indebtedness be secured by lien thereon, as provided by the laws relating to homesteads.

(Syllabus by West, C.)

Error from District Court, Wagoner County; Chas. G. Watts, Judge.

W. M. Briscoe, as administrator of the estate of Fanny Jameson, deceased, filed a petition to sell her allotment to pay claims against the estate and cost of administration, to which Dinah Jameson filed a protest. Decree of sale made and protestant, Dinah Jameson, appealed to the district court, and from its affirmance of the action of the county court she brings error. Reversed and remanded, with directions to lower court to dismiss the application.

H. T. Walker, for protestant.

R. A. Summers, for administrator.

Opinion by WEST, C. Fanny Jameson, a Creek freedwoman, died intestate in Wagoner county, Okla., and left surviving her no husband and a number of children, all adults except Floyd Jameson, who attained his majority on the 1st day of September, 1915. Dinah Jameson, a daughter, was appointed administratrix on January 8, 1913, and thereafterward qualified, and was on the 27th day of August, 1913, removed. On the 7th day of August before her removal, she attempted to give notice to creditors to present claims. Proof of publication of said notice appeared to have been filed as provided by law, but a proof of posting notices seems to have been mislaid or lost. The appearance docket has an entry made on the same which may probably refer to the proof of posting notices to creditors. Chris Silverhorn made affidavit, upon motion for new trial filed herein, that he had posted notice to creditors as required by law. Upon the removal of Dinah Jameson on the 27th day of August, 1913, W. M. Briscoe was appointed administrator of said estate and thereafterwards filed petition to sell the allotment, which was heard in January, 1914. Upon hearing of said petition, protest having been filed by some of the heirs, it appeared that said land sought to be sold was the homestead of the said Fanny Jameson, and that she had left a minor child, Floyd Jameson, whereupon the court vested the right of possession in said Floyd Jameson, in said allotment during his minority or until September 1, 1915.

W. M. Briscoe on the 9th day of December, 1915, gave notice to creditors to present claims as provided by law, and the North Muskogee State Bank presented their claim on the 3rd day of February, 1916, to the administrator, and same was approved and allowed by the county judge of Wagoner

county over the protest of Dinah Jameson, an heir. On September 8, 1915, after the said Floyd Jameson had reached his majority, the administrator renewed his application to sell said property to pay claims against said estate and cost of administration. Dinah Jameson filed protest against said sale of said property: First, upon the ground that said property was a homestead and not subject to the payment of debts of said Fanny Jameson; second, that the only claim against said estate, to wit, claim of the said North Muskogee State Bank, was barred by statute of nonclaim; and, third, that said claim was void and without consideration. The court, after hearing said petition and protest, entered a decree of sale of said property for the purpose set forth in said petition; whereupon protestant, Dinah Jameson, appealed to the district court, and the district court affirmed the action of the county court. The protestant, Dinah Jameson, has perfected her appeal and complains of the action of the court in entering decree of sale of said property, and brings the same here for review.

The questions raised upon appeal under the various assignments of error may all be considered under the following propositions:

(1) Can the protestant raise objection to the claim of the North Muskogee State Bank in a proceeding to sell property to pay said claim, not having appealed from the order of the county court allowing said claim?

(2) Is the claim of North Muskogee State Bank barred by statute of nonclaim?

(3) Can the allotment of a deceased freedwoman occupied by her as a homestead be sold to satisfy obligations incurred during her lifetime after the restrictions of the alienation of her allotment has been removed, or did the same descend to her heirs free of said obligations?

As to whether or not a claim which has been allowed by an administrator and approved by the county court can be objected to by an heir of those interested in the estate upon a hearing of a petition to sell real estate to pay said claim, we will now consider.

This proposition, so far as we can ascertain, has never been directly before this court, and there seems to be a number of authorities which apparently sustain both sides of the proposition. The trial court below in order overruling motion for new trial held that you could not attack an approved claim upon a hearing of a petition

to sell real estate to pay said claim; that this would be a collateral attack upon order or judgment of the court approving said claim; and that the proper procedure would be to take an appeal from the order of the county court allowing and approving said claim.

Sections 6375 and 6442, Rev. Laws 1910, are as follows:

"6375. Hearing of Petition.—If all persons interested in said estate do not file in court their written consent to such sale, the county court, at the time and place appointed in such order or at any other time to which the hearing may be postponed, upon satisfactory proof of service, mailing or publication of a copy of the order to show cause, and of posting the same, as provided in this article, by affidavit or otherwise, must proceed to hear the petition, and hear and examine the allegations and proofs of the petitioners and of all persons interested in the estate who may oppose the application."

"6442. Contest by Heirs.—All matters, including allowed claims not passed upon on the settlement of any former account, or on rendering an exhibit, or on making a decree of sale, may be contested by the heirs for cause shown. The hearing and allegations of the respective parties may be postponed from time to time, when necessary, and the court may appoint one or more referees to examine the account and make report thereon, subject to confirmation; and may allow a reasonable compensation to the referees, to be paid out of the estate of the decedent."

These sections have never been construed by this court, however they appear to permit all persons interested in an estate to offer any kind of a protest they may deem advisable at the hearing provided for in these respective sections, and to contemplate the going over of approved claims.

In the matter of the estate of H. Loshe, 62 Cal. 413, the syllabus is as follows:

"Under section 1497, C. C. P., a claim which has been duly allowed, approved, and filed against the estate of a decedent is ranked among the acknowledged debts of the estate, to be paid in due course of administration, and, in the event thereafter of a contest as to such claim arising in the course of administration, the burden of proof is on the contestant of such claim."

In the body of the opinion the court uses the following language:

"In due time J. Ziegenbein presented in due form to the executor a claim against the above estate for $18,628.35. The executor indorsed upon the claim his allowance thereof at the sum of $18,548.35, rejecting an item of $80. The judge of the superior

court indorsed on the claim his approval of allowance of the executor. The executor having filed his account and report of his administration, A. H. Gates and others, creditors of the estate, contested the account, and excepted thereto, especially the claim of Ziegenbein, and stated in writing their grounds of contest. A day for hearing the contest was set. At the hearing, the judge of the court below, 'ruled that the affirmative of the issue lay with the parties who sought to sustain the report of the executor.'

"This ruling was error. Section 1497, C. C. P., declares that a claim allowed and approved, and filed, shall be 'ranked among the acknowledged debts of the estate, to. be paid in due course of administration.' When a claim, in the course of allowance and approved, reaches the point that it is to rank among the acknowledged debts of the estate, we apprehend that the claimant may rest on that point until he be attacked.

"There are at least two points in the administration of an estate at which an approved claim may be contested, viz., when application is made for the sale of property (C. C. P. section 1540), and when an account is rendered for settlement (Id section 1636) ; but, in making the contest, the contestant has the affirmative, and must show cause. It is not necessary to consider how far the allowance and approval of a claim resemble or give the effect of a judgment; it is sufficient to say that such a claim is to 'rank among the acknowledged debts of the estate, to be paid in due course.' If it be an acknowledged debt, it is good until cause be shown.

"Orders reversed, and cause remanded for further proceedings."

In the opinion supra, construing sections of their Code which are identical with ours, it was held that approved claims may be contested at least at two points in the administration: (1) When the application is made for the sale of the property and when account is rendered for settlement. This seems to be what was intended by the particular verbiage of the sections of the statute supra. It would therefore appear that the heirs and those interested in the administration of an estate may file protest with the county court against the approval of a claim allowed by an administrator and may appeal from the action of the court in allowing said claim over said protest. or they may renew their protest at a time when the administrator seeks to sell property belonging to the estate for the purpose of paying the claim. to which they object and against which they are protesting as to its validity. and may appeal from the action of the court decreeing the sale of the prop-

erty to pay said claim to which they are objecting as was done in this case.

The next question to be considered is whether or not the removal of an administrator arrests the statute of nonclaim. It is not satisfactorily shown by the record in this case that Dinah Jameson, the first administratrix of the estate of Fanny Jameson, gave the statutory notice to creditors to present claims. However, conceding that she did, section 6347, Rev. Laws 1910, is as follows:

"Vacancy in Administration Not Included in Limitation.—The time during which there shall be a vacancy in the administration, must not be included in any limitation herein prescribed."

The statute of nonclaims, being highly penal in its nature, must be strictly construed and literally followed in order to be a bar. As was said in State ex rel. Lankford v. Soliss, 152 Pac. 1114, the second paragraph of the syllabus is as follows:

"To bar a claim against an estate under what is generally known as the statute of nonclaim, there must be proof that the notice was advertised or posted, as required by law, containing all the material and essential matters intended by the statute to be conveyed to the creditor, and a notice which fails to convey such information is void, and does not start the statute of limitation."

In the body of the opinion the court uses the following language:

"It must not be overlooked that these statutes of nonclaim, providing for a forfeiture, as they do, are in their nature penal, and must be strictly construed against those who seek to take advantage thereof. Applying that rule of construction, does the notice, which fails to warn the creditor that his claim 'will be forever barred' if he fails to present it within the time fixed by the notice, comply with the requirements of the statute? We are of the opinion that it does not, and for that reason it could not and did not start the running of the statute of limitation."

8 Am.. & Eng. Enc. of Law, 1080, is as follows:

"Interruptions.—The statute of nonclaim, after it has once started to run, as a general rule continues to do so unless provision is made for its interruption by the statute, and the running of the statute has been held not to be interrupted either by the removal or absence of the executor or administrator from the estate, nor by his death. presentation in such cases being authorized by filing the claim with the probate court: it would

be otherwise, however, when presentation to the representative alone was authorized."

Section 6336, Rev. Laws 1910, provides that every executor or administrator must immediately after his appointment give notice to the creditors of decedent requiring all persons having claims against said decedent to present the same, with the necessary vouchers, to such executor or administrator at the place of his residence or business to be prescribed in the notice within four months from date of said notice.

Ross on Probate Law and Practice, p. 521, uses the following language:

"In the event of the resignation or removal of an executor or administrator, his successor must give notice for the unexpired time allowed for presentation."

This we think to be a correct interpretation of the Oklahoma statute. The statute itself provides:

"The time during which there shall be a vacancy in the administration must not be included in any limitation." (Rev. Laws 1910, § 6347.)

The statute also provided that every claim must be filed with the administrator at the place of his residence or business. A notice by Dinah Jameson to creditors to present claims at her residence or place of business within the time provided by statute would be no notice to present claims to W. M. Briscoe at his residence or place of business; and it is our opinion that the statute of nonclaims which had not completely run before the removal of the administrator would be arrested until his successor had been appointed and had given notice to present claim. However, the second administrator would not be required to give notice for the full time, four months, required by statute, but for the full time less the time the statute ran during the tenure of first administrator. In the instant case the notice given by the first administratrix, Dinah Jameson, ran twenty days before her removal. Then her successor, W. M. Briscoe, would only be required to give notice for the four months less the twenty days which the statute ran during the tenure of Dinah Jameson, the first administratrix.

The claim of the North Muskogee State Bank was presented and allowed 56 days after the notice given by the last administrator, or within 76 days of the starting of the statute of nonclaim, and would not, therefore, be barred on this account.

On the third proposition as to whether or not the land in question, the homestead allotment of decedent, Fanny Jameson, was liable for debts contracted after the removal of the restrictions upon the alienation of said land, we will now consider.

Section 303, Williams' Okla. Const., is as follows:

"The homestead of the family shall be, and is hereby, protected from forced sale for the payment of debts, except for the purchase money therefor or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon; nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law: Provided, nothing in this article shall prohibit any person from mortgaging his homestead, the spouse, if any, joining therein; nor prevent the sale thereof on foreclosure to satisfy any such mortgage."

This court in construing said section in case of Gray v. Deal, 50 Okla. 89, 151 Pac. 205, announces the rule in the third paragraph of the syllabus, as follows:

"The homestead exemption in the Oklahoma Constitution (section 303, Williams' Okla. Const.) protects the homestead of the family from forced sale for the payment of debts and judgment liens, except for the purchase money, taxes, and work and material, and a debt created by mortgage executed by husband and wife."

Section 6330, Rev. Laws 1910, is as follows:

"Homestead Exempt from Debt or Liability.—The homestead is not subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of the death of such husband or wife, except such as are secured by lien thereon, as provided in the laws relating to homesteads."

It would therefore appear that the land in question, the homestead allotment of the deceased, Fanny Jameson, was not subject to the payment of any debt or liability contracted by her previous to her death, and could not be liable for any charge, lien, or obligation except such as provided by section 303, Williams' Const. Okla., supra, and laws relating to liens upon homesteads. This claim not falling within this class could not be a charge against said homestead allotment, and said estate was not subject to be sold to pay the same.

It is therefore ordered that said cause be reversed and remanded, with directions to the lower court to dismiss the application of the administrator to sell said land for the purpose of paying the debt of the North Muskogee State Bank, the same not

being a claim chargeable against said homestead estate, and for such other orders and foreclosure not inconsistent with this opinion.

By the Court: It is so ordered.