## STEPHENSON v. CLEMENT et al.

No. 25296.    April 2, 1935.

Ruel W. Little, for plaintiff in error.

Luttrell & Holland, for defendants in error.

PER CURIAM. This action was originally instituted in the district court of Marshall county to foreclose a real estate mortgage.

Plaintiff in error was plaintiff in the trial court and the defendants in error were defendants, so we shall refer to them as plaintiff and defendants.

Plaintiff's petition contained four causes of action as follows:

First Cause: Contains regular and usual allegations for the foreclosure of a real estate mortgage and establishment of mortgage indebtedness of $3,470, interest and costs, on notes and mortgage executed by T. J. Martin and Maggie Martin and delivered to the Clement Mortgage Company, which notes and mortgage were assigned and transferred, for a valuable consideration, by the Clement Mortgage Company to the Home Savings & State Bank. That said notes and mortgage were thereafter, for a valuable consideration, assigned and transferred by the Home Savings & State Bank to the plaintiff. Plaintiff's petition alleges that her mortgage lien is a first and prior lien, and that all of the defendants named in the caption of her petition "are claiming, setting up or asserting some right, title and interest in and to said land and premises, the exact nature and extent of which is to plaintiff unknown and said claim is wholly unfounded and without legal justification and constitutes a cloud upon the title of this plaintiff herein."

Second Cause: An action against one defendant, the Clement Mortgage Company, for judgment in the sum of $3,470 the same to be credited with the proceeds of the sale of the mortgaged land. This judgment was sought by virtue of a guarantee the Clement Mortgage Company gave agreeing to pay said mortgage indebtedness in case of default. No other defendant was a party to this cause of action.

Third Cause: An action against J. E. Luttrell. No other defendant is named in this cause of action and no other defendant is affected by it. Plaintiff alleges that said defendant Luttrell is an attorney at law, who was employed to examine the title to the mortgaged premises, and who did so examine the title and gave a certificate of title to the Clement Mortgage Company. That at the time of the examination of the title and the time of the delivery of the certificate of title, the mortgagors did not own the fee-simple title to the mortgaged premises as said certificate asserted. That the royalty interests had been transferred, the value of which royalty interests was the sum of $300. That because of the acts and negligence of this defendant, the plaintiff had been damaged in the sum of $300.

Fourth Cause: An action against the defendant R. E. Clement, Jr., for damages in the sum of $3,470. No other defendant is named in this cause of action. No other defendant is affected by this cause of action. Plaintiff alleges that this defendant was the examiner who examined these mortgaged premises for the Clement Mortgage Company; that all parties dealing with said mortgage would rely upon said examiner's report; that the report was "erroneous, incorrect, false, and unfounded"; that this defendant knew that said report was false and fraudulent, and plaintiff relied upon

the report and was damaged in the sum of $3,470, less the amount of the sale of the mortgaged premises.

The first cause of action names five defendants; the second only one; the third only one, and the fourth only one. No defendant is affected by any cause of action except the specific one in which he is named. The mortgagors were not named as defendants.

The defendants J. E. Luttrell, R. E. Clement, Jr., and the Clement Mortgage Company were served in Cleveland county, Okla. No resident defendant of Marshall county was a party to the action.

The defendants J. E. Luttrell and R. E. Clement, Jr., each filed a special appearance and motion to quash summons on the ground that the court in Marshall county had no jurisdiction, and that the summons was not issued, served, and returned as required by law, as these defendants were residents of Cleveland county and the purported summons was made on them in Cleveland county, and that they had no interest or claim in the real estate involved in the mortgage foreclosure in Marshall county. To each motion was attached an affidavit concerning the facts set up in the motion.

The trial court sustained the motions and dismissed the third and fourth causes of actions.

Section 109, O. S. 1931, provides as follows:

"Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in the next section:

"First. For the recovery of real property, or of any estate, or interest therein, or the determination in any form of any such right or interest.

"Second. For the partition of real property.

"Third. For the sale of real property under a mortgage, lien or other incumbrance or charge.

"Fourth. To quiet title, to establish a trust in, remove a cloud on, set aside a conveyance of, or to enforce or set aside an agreement to convey real property."

The real estate being located in Marshall county, the venue of the foreclosure action was in Marshall county.

Section 117, O. S. 1931, provides as follows:

"Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned; except actions against makers of notes, claims, or other indebtedness which has been assigned, sold or transferred by or from the original payee or obligee, which actions against such original makers of such notes, claims or indebtedness can only be brought in the county in which the said maker of such note, claim or indebtedness or some one of the original makers of such note, claim or indebtedness resides. Provided, however, this section shall not in any way change or limit section 4671 of the Revised Laws of Oklahoma 1910 (109 herein)."

Section 167, O. S. 1931, provides as follows:

"Where the action is rightly brought in any county a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

If this action was properly brought in Marshall county, and the defendants Luttrell and Clement were proper parties to the action, then summons could issue to Cleveland county, the county of their residence, and the district court of Marshall county would have jurisdiction to hear and determine the causes of action against them. It is therefore necessary to determine whether this action was rightly brought in Marshall county, and if so whether these defendants were proper parties to the action. We are thus confronted with the proposition, Were these causes of action properly joined in the petition so as to give the district court of Marshall county jurisdiction over these nonresident defendants?

Section 199, O. S. 1931, provides as follows:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise out of any one of the following classes:

"First. The same transaction, or transactions, connected with the same subject of action.

"Second. Contracts, express or implied.

"Third. Injuries, with or without force, to person and property, or either.

"Fourth. Injuries to character.

"Fifth. Claims to recover the possession of personal property, with or without damages for the withholding thereof.

"Sixth. Claims to recover real property, with or without damages for the withholding thereof, and the rents and profits of the same.

"Seventh. Claims against a trustee, by virtue of a contract, or by operation of law.

"But the causes of action so united must all belong to one of these classes, and must affect all the parties to the action, except in actions to enforce mortgages or other liens."

We have adopted a liberal view in the construction of our statutes in reference to pleadings, and this is true as to joinder of causes of action. If the causes of action arise out of the same transaction, they may be joined in the same petition if they affect all the parties equally. It is sufficient that they affect all, though in unequal degrees. See Stone v. Case, 34 Okla. 5, 124 P. 960; Bryan v. Sullivan, 55 Okla. 109, 154 P. 1167; Meshek v. Cordes et al., 164 Okla. 40, 22 P. (2d) 921.

It is necessary to construe the exception to the general rule or requirement of our statute, that all of the causes of action must arise out of the same transaction and must affect all the parties to the action, and now the exception, "except in actions to enforce mortgages or other liens." We must determine just how far the exception may go. No authority has been cited us construing this exception. There must be some limit as to what actions may be joined in a mortgage or lien foreclosure. Our statute does not mean that any and all causes of actions one may have may be joined if there is a mortgage or lien foreclosure involved.

It is not necessary in a mortgage foreclosure that all the causes of action arise out of the same class or affect all the parties to the action. Bryan v. Sullivan, supra; Price v. Central Nat. Bank, 108 Okla. 208, 235 P. 1088.

It was not the intention of the Legislature in enacting our statute referred to, that all causes of actions against various defendants may be joined just because a foreclosure of a mortgage or lien is involved. It was the intention of our Legislature to allow the joinder in a mortgage or lien foreclosure action any and all causes of action proper for the effectual foreclosure, even though the causes do not affect all the parties to the action. The purpose of this joinder is that one may in the one action join the proper causes of action to foreclose his lien and effect a valid sale in order to end litigation.

A mortgage or lien foreclosure is an equitable action and involves in the final analysis: (1) The adjudication of plaintiff's claim and the establishment of his lien; (2) the adjudication of all liens and determination of their validity and priority and the adjudication of all claims, titles or interests in the property involved; (3) the extinguishment of all equities of redemption of all parties who may have an equity of redemption; (4) so that a valid and effectual sale of the property may be had, that is, so that the title may be in such condition that a sale may be had where a purchaser may purchase without the necessity of any further litigation. All parties whose claim or interest may be affected by the sale, or which claim or interest may affect the sale, are proper parties in a mortgage or lien foreclosure action. The exception contained in our statute is to cover these four elements, and any cause of action affecting any one of them has a proper place in the action and may be joined, whether they affect all the parties to the action or not. All other causes of action are not proper and their joinder constitutes a misjoinder.

In a mortgage or lien foreclosure, the rule is different than ordinarily because all the causes of action joined need not affect all the parties to the action. If they affect any one of the four elements above pointed out, they are proper causes of action to be joined in a foreclosure action.

The third cause of action of plaintiff's petition constitutes a tort action and affects only one defendant to the action, the one named therein, Luttrell. No other defendant is affected directly or indirectly by this cause of action. Likewise, the fourth cause of action is and constitutes a tort action and only affects the defendant named therein. No other defendant is affected directly or indirectly by this cause of action.

The mere fact that one or more causes of action are on contract and one in tort is united therewith in the same petition, does not constitute a misjoinder. Causes of action in tort may be joined in separate counts in the same petition with causes of action in contract, when they all arise out of the same transaction or transactions connected with the same subject of the action, and where they all affect all the parties to the action, and we so held in Aylesbury Mercantile Co. v. Fitch, 22 Okla. 475, 99 P. 1089. But causes of action cannot ordinarily be joined unless they affect all the parties to the action. First National Bank of McCloud v. City National Bank of Wellington et al., 71 Okla. 52, 175 P. 253.

Thus we reach the conclusion that if the exception to our statute were not involved, there would be no question that plaintiff could not join the third and fourth causes of action with the others contained in his

petition. We do not believe that the mere fact that there is involved in this action a mortgage foreclosure is sufficient to change this. These tort actions cannot have any bearing whatsoever on the mortgage foreclosure, or any one of the four elements to be accomplished by the foreclosure. Thus, it is our opinion that the causes of action were improperly joined.

It is apparent from the plaintiff's petition that this action, in so far as it refers to and affects the defendants J. E. Luttrell and R. E. Clement, Jr., was not rightly brought in Marshall county as provided in section 167, O. S. 1931. Thus a summons could not issue to Cleveland county for these defendants.

Finding no substantial error in the record, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Whit Y. Mauzy, Paul B. Mason, and Garrett Logan in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Mauzy and approved by Mr. Mason and Mr. Logan, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.