Mary B. HURST and Isaac L. Hopkins,
Plaintiffs in Error,

v.

Clarissa E. BYARS, Mary Brown and Clinton Byars, Defendants in Error.

No. 37191.

Supreme Court of Oklahoma.

May 22, 1956.

A. M. Beets, Comanche, for plaintiffs in error.

Walter Hubbell and Luther B. Eubanks, Walters, for defendants in error.

PER CURIAM.

This action was instituted on November 8, 1954, by the defendants in error, plaintiffs below, to quiet their title to a described tract of land against the plaintiffs in error, defendants below. The parties will hereinafter be referred to by their trial court designation.

In answer to the plaintiffs' petition, which alleged the facts upon which they based their title, the defendant Hopkins answered, alleging himself to be the owner of an unpaid, recorded, purchase money mort-

gage executed by Pope Byars, deceased husband and father of the plaintiffs, and by Clarissa E. Byars, his wife, one of the plaintiffs. This mortgage was executed September 27, 1923. The defendant testified that there had been no payments made on the indebtedness for which the mortgage was given as security. The undisputed testimony of one of the plaintiffs established that they were in possession of the property and had been continuously since 1923.

The defendant, Mary B. Hurst, answered and alleged that she was the owner of an undivided 1/16 interest in all of the oil, gas, and other minerals under the land by reason of a deed given by the Byars to the defendant Hopkins at the time they purchased the property from him, and which interest Hopkins had quitclaimed to her. The instrument from the Byars to Hopkins was introduced in evidence. The case was tried by the court and judgment was entered quieting the plaintiffs' title against the claims of these defendants.

■ The court did not err in quieting the plaintiffs' title against the Hopkins mortgage without first requiring proof of payment. In Burroughs v. Burroughs, 196 Okl. 50, 162 P.2d 549, 551, we considered a factual situation almost identical with the one presented by this case and there said:

"In view of the holdings of the foregoing authorities, and in view of the particular wording of the aforesaid statute, [42 O.S.1951 § 23] we are of the opinion that a mortgagor or his heirs may successfully institute and maintain an action to quiet title against a mortgagee, not in possession of the mortgaged property, when the mortgage lien has been extinguished by a lapse of time sufficient to bar an action on the mortgage debt."

We have carefully considered defendant Hopkins' contention that "one seeking equity must do equity", and the authorities cited in support thereof. We conclude that under the factual situation here involved, Sec. 23, Title 42 O.S.1951, and the cases cited construing same, is controlling here, and this contention is, therefore, without merit.

■ The argument that the court erred in quieting the plaintiffs' title against the mineral conveyance from Mr. and Mrs. Byars to Mr. Hopkins is likewise without merit. In Peppers Refining Co. v. Barkett, 208 Okl. 367, 256 P.2d 443, an instrument very similar to the one involved in this action was considered, and the limitation as to time written into the printed habendum clause of the instrument was there construed to control the mineral estate conveyed by the granting clause of the conveyance. 15 O.S.1951 § 167. The only difference in that instrument and the one involved herein was the additional written restatement of the time limitation in the concluding paragraph of the instrument in the Peppers case. This is not a sufficient point of difference to distinguish the application of the well settled rules applied in that case. The grant of a mineral interest contained in the conveyance from Mr. and Mrs. Byars to Mr. Hopkins expired by its express terms, written into the printed form of the habendum clause, five years after September 27, 1923.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease and approved by Commissioners Jean R. Reed and J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.