**PEAT, MARWICK, MITCHELL & CO., Plaintiff,**

v.

**Alvin R. BATES, Appellant,**

v.

**Jack GAMBILL and Freda Gambill, Appellees,**

and

**Lana Bates, now Larimer, Third-Party Defendant.**

**No. 77349.**

Court of Appeals of Oklahoma, Division 1.

Sept. 29, 1992.

Russell C. Lissuzzo II, Oklahoma City, for appellants.

Gale F. Smith, Edmond, for appellees.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

Alvin R. Bates appeals an order denying foreclosure of a mortgage and quieting title to his former residence in Appellees (Gambills). The parties stipulated to the facts and submitted the case for decision by the trial judge. Because we conclude the stipulated facts support the trial court's conclusion, we affirm.

### Background

Bates and his former wife purchased a house from the Gambills in July, 1982, and executed a first mortgage to them on the property which was recorded August 5, 1982. In August, Bates obtained a loan from Peat, Marwick, Mitchell & Co. (PMM) which was secured by a second mortgage executed June 10, 1983 and recorded October 10, 1983. On August 11, 1983, Bates and his former wife divorced, and she was awarded the house subject to both mortgages. A copy of the decree was filed with the county clerk on August 14, 1983. The first mortgage became delinquent, and Bates' former wife gave the Gambills a deed in lieu of foreclosure which was recorded on October 10, 1983. The second mortgage went into default in August, 1984, and PMM instituted an action to collect on its note in March, 1987, asking for foreclosure in September, 1987. In March, 1988, Bates's former wife filed for bankruptcy and was dismissed from the action.

Bates settled with PMM, paying it $8,000, and PMM assigned its interest in the litigation to Bates. The trial court found payment of the note had occurred when the right of action was transferred to Bates, the same person who owed the debt, because Bates would have to maintain an action against himself.

### The Appeal

Bates argues the PMM assignment was not an assignment of the note and mortgage. This argument elevates form over substance. The assignment recites that PMM conveyed to Bates "all its rights, title, interest, claims, and demands in certain causes of action and litigation," including PMM's first cause of action on the note, and its second cause of action, foreclosure. The parties clearly intended that Bates succeed to any rights PMM had in the note and mortgage which were the subject of the litigation.

Bates claims there was no intent to extinguish the second mortgage and that by his acquisition of PMM's interest in the litigation he now has the right to foreclose on the property securing the second mortgage. He argues the intent of the parties controls whether a merger[1] has extinguished a note and mortgage, citing *Muskogee Industrial Finance Corp. v. Perkins*, 361 P.2d 1065 (Okla.1961), and *Christburgh v. Anderson*, 179 Okl. 552, 66 P.2d 902 (1937). Because there was no intent a merger would occur, he argues, he falls within this exception to the merger rule.

Where a mortgagee takes a conveyance of the mortgaged property, the mortgagee's interest may be kept alive so that it may retain its priority when the parties so intend and it is in the mortgagee's best interest, see e.g. *Citizens Security Bank of Bixby v. Courtney*, 572 P.2d 1302 (Okla.App.1977). However, this theory does not apply to the fact situation presented in this action. Bates has no legal interest in the fee securing the second mortgage. Thus, merger theory is inapplicable.

In arguing he may foreclose, Bates ignores the underlying criteria for

---

1. Merger occurs when the legal estate, such as a fee, and an equitable estate, such as the right to sue on a debt secured by the fee, are held by the same person. *Dowling v. Springer,* 186 Okl. 656, 100 P.2d 278 (1940).

foreclosure. To foreclose, a claim must be adjudicated, and the validity and priority of a lien must be established. There must also be an adjudication of all claims, titles, or interests in the property involved, and the right of redemption must be extinguished so that a valid and effectual sale may be held. *Stephenson v. Clement*, 171 Okl. 333, 43 P.2d 430 (1935).

Bates' foreclosure action fails because he may not prove he has a claim. On this record, Bates would have to proceed against himself to establish his debt, prove he had not paid his own debt, and then foreclose against the property securing his debt. He may not foreclose because he may not sue himself on his own debt. The trial court correctly concluded, "Bates can-not maintain an action against himself." Bates may not proceed as both a plaintiff and a defendant in this suit on the second mortgage. 59 Am.Jur.2d, Parties §§ 6, 238. The trial court's order quieting title in the Gambills is supported by the record and is affirmed.

AFFIRMED.

GARRETT and JONES, JJ., concur.