2000 OK CIV APP 116

**Thomas J. ABBOUD, Plaintiff/Appellee,**

v.

**Larry ABBOUD and Cindy Abboud, husband and wife, Defendants/Appellants.**

**No. 90,964.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 31, 2000.

Rehearing Dismissed May 9, 2000.

Certiorari Denied Oct. 12, 2000.

---

David H. Sanders, Sanders & Sanders, P.C., Tulsa, Oklahoma, for Appellants.

Lewis N. Carter, Doerner, Saunders, Daniel & Anderson, Tulsa, Oklahoma, for Appellee.

## OPINION

CARL B. JONES, Chief Judge:

¶1 Defendants/Appellants, Larry and Cindy Abboud, seek review of an order foreclosing a mortgage on certain real property, granting a money judgment and ordering the property sold. The issues were submitted to the trial court on cross motions for summary judgment.

¶2 Defendant/Appellant, Larry Abboud, was indebted to one Kilgore on a note and mortgage covering the premises involved in this action. Larry's brother, Appellee, Thomas Abboud, agreed to pay off the note and mortgage which he did in the total amount of $60,207.53. Previously, Thomas had paid off another of Larry's debts in the amount of $23,881.33. In consideration of those payments Larry and Cindy conveyed the property by Warranty Deed to Thomas. Larry and Thomas also executed a Contract for Deed providing that upon repayment of the debt Appellee/Thomas would convey the property back to Appellant/Larry. The Warranty Deed and Contract for Deed were both executed on December 2, 1986, and both were filed in the office of the county clerk. Payment was due two years later on Decem-

ber 2, 1988. Appellant, Larry, has continuously been in possession of the property since 1981 and has denied making any payments on the debts or acknowledging them in writing. Thomas, on the other hand, has alleged that Larry performed work for him in 1989, 1991 and 1993, which was valued at $790.00, and was performed in partial satisfaction of the debts. That allegation was supported by affidavits of Thomas and by a lawyer, Michael Conklin, who was representing Thomas at the time.

¶ 3 Appellant, Thomas, brought this action in 1996 for a money judgment on the debt and to foreclose on the property.[1] Defendants, Larry and Cindy, counter-claimed to quiet the title to the property in their behalf. They contend the statute of limitations has run on Thomas' claims and he no longer has a mortgage lien to foreclose. Both sides filed motions for summary judgment.

¶ 4 The underlying action, being one to foreclose a mortgage lien, is equitable in nature. *Paris Bank of Texas v. Custer*, 1984 OK 5, 681 P.2d 71, 76. Ordinarily, in reviewing a case of equitable cognizance a judgment will be sustained on appeal unless it is found to be against the clear weight of the evidence or is contrary to law or established principles of equity. *Id.* But because this comes to us from an order granting summary judgment the appellate standard of review is *de novo*. *Kirkpatrick v. The Chrysler Corp.*, 1996 OK 136, 920 P.2d 122, 124.

¶ 5 The trial court, in granting summary judgment to Plaintiff/Thomas held the case of *Warner v. Wickizer*[2] to be controlling and quoted the following therefrom:

"Where a party defendant asks affirmative relief by cancellation of a deed absolute on its face on the ground it is a mortgage, and the trial court finds such deed to be a mortgage, it is error to cancel such mortgage on the ground that it is stale and unenforceable, and defendant should have been required as a condition

to cancellation to pay the amount secured thereby under the equitable rule that he who seeks equity must do equity."

*Syllabus by the Court, Id.* Based on *Warner*, the trial court held the statute of limitations defense asserted by Defendant/Larry does not apply and that Larry's quiet title claim should be denied. Plaintiff/Thomas was awarded the requested money judgment in the amount of $174,916.00. His mortgage lien was ordered foreclosed and the property ordered sold.

¶ 6 Thomas' cause of action accrued when the debt was not paid by the due date, December 2, 1988. The limitations period for this case, being an action upon a contract, agreement or promise in writing, would be five years after the cause of action accrued. 12 O.S.1991 § 95(first). After the limitations period has run on the underlying debt, the lien is extinguished. Title 42 O.S.1991 § 23 provides:

"A lien is extinguished by the mere lapse of the time within which, under the provisions of civil procedure, an action can be brought upon the principal obligation."

This statute and Oklahoma case law are consistent. Several Oklahoma cases have also held that a mortgagor may successfully maintain an action to quiet title against the mortgagee when the mortgage lien has been extinguished by a sufficient lapse of time to bar an action on the debt. See, *Burroughs v. Burroughs*, 196 Okla. 50, 162 P.2d 549 (1945); *Hurst v. Byars*, 1956 OK 167, 298 P.2d 407; *Mills v. Reneau*, 1965 OK 209, 411 P.2d 516. In other words, if the statute of limitations has, by operation of law, barred an action to foreclose a mortgage lien then the lien is no impediment to the mortgagor's right to quiet title.

¶ 7 These cases are in conflict, however, with *Warner v. Wickizer, supra,* the case relied upon by Plaintiff/Appellee and the trial court. In *Warner* the Plaintiff had a deed that was determined to actually be a mortgage securing the principle sum of $25.00.

---

1. The parties agree that under Oklahoma law a Contract for Deed with the continuing right of possession of the property is considered a mortgage by operation of law and is subject to the same requirements of filing and right of foreclo-

sure that exist with other mortgages. 16 O.S. 1991 § 11A.

2. 1930 OK 419, 146 Okla. 232, 294 P. 130.

He was suing to obtain possession of the property and to recover back rent. Defendant also had a deed and claimed ownership in the property. He sought cancellation of Plaintiff's deed and to quiet title. Plaintiff's claims were held to be barred by the statute of limitations and unenforceable. But, although Plaintiff's mortgage was stale, the Supreme Court held that Defendant was not entitled to the equitable relief he requested without doing equity himself, i.e. paying the $25.00 debt with interest secured by Plaintiff's stale mortgage.

¶ 8 *Warner v. Wickizer* relied upon *Nellis v. Minton*, 91 Okla. 75, 216 P. 147 (1923). *Burroughs v. Burroughs*, supra, specifically discussed *Nellis v. Minton* and noted that it failed to consider the precursor to 42 O.S. 1991 § 23. We can only conclude that *Warner v. Wickizer* no longer controls. By adopting 16 O.S.1991 § 11A, the Legislature has decreed that a contract for deed which vests possession of the property immediately in the buyer must be treated as mortgage. The trial court's reliance on *Warner v. Wickizer* was misplaced and the summary judgment based thereon must be reversed.

¶ 9 Without consideration of the remaining facts, the mortgage represented by the contract for deed would no longer be enforceable because the statute of limitations would have run on the underlying debt. However, Appellee/Thomas alleged and presented evidence, both in support of his motion for summary judgment and in response to Appellant/Larry's motion for summary judgment, that Larry performed work for Thomas as late as the spring or summer, 1993 in partial satisfaction of the debt. Partial payment or acknowledgment of a contractual debt will extend the limitations period from the time of such payment or acknowledgment. 12 O.S.1991 § 101.[3]

¶ 10 Larry denied the partial payment allegations. Further, he contends the affidavits were inadmissible parol evidence and thus could not be considered for purposes of a motion for summary judgment pursuant to Rule 13, Rules for District Courts of Oklahoma, 12 O.S. Ch. 2, App. 1. He also contends the affidavits are an insufficient acknowledgment of the debt under 12 O.S. § 101.

¶ 11 Neither of these latter arguments prevents reversal. Thomas' evidence of partial payment is not an attempt to modify a written contract which would violate the parol evidence rule, it is merely evidence offered to show the statute of limitations was tolled. Further, § 101 only requires an "acknowledgment or promise" which extends the statute of limitations to be in writing and signed by the party to be charged. The writing requirement does not apply to partial payment on the debt. There is a fact question concerning whether Larry performed work at all, and whether it was done for Thomas in 1993 under an agreement that the work would be in partial payment of the debt secured by the contract for deed, and summary judgment for Larry and Cindy would be inappropriate.

¶ 12 The order granting Plaintiff/Appellee's motion for summary judgment and order denying the motion for summary judgment of Defendants/Appellants is REVERSED. This case is REMANDED for further proceedings consistent with this opinion.

¶ 13 REVERSED AND REMANDED.

¶ 14 HANSEN, P.J., and ADAMS, J., concur.

---

**3.** "In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby." 12 O.S. 1991 § 101.