INTERNATIONAL BANK OF COMMERCE v. FRANKLIN



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:INTERNATIONAL BANK OF COMMERCE v. FRANKLIN

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 INTERNATIONAL BANK OF COMMERCE v. FRANKLIN
2019 OK CIV APP 56
Case Number: 117117
Decided: 09/20/2019
Mandate Issued: 10/16/2019
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2019 OK CIV APP 56, __ P.3d __

 


INTERNATIONAL BANK OF COMMERCE, A Texas State Banking Association, Successor To Local Oklahoma Bank, Formerly Known As Local Federal Bank, F.S.B., Plaintiff/Appellee,
v.
JIMMIE A. FRANKLIN and BRENDA D. FRANKLIN, Husband and Wife, Defendants/Appellants,
and
United States of America, ex rel. Internal Revenue Service; State of Oklahoma, ex rel. Oklahoma Tax Commission; and Ford Motor Credit Company, LLC., Defendants.
APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA
HONORABLE PATRICIA G. PARRISH, TRIAL JUDGE
AFFIRMED
Jimmie A. Franklin, FRANKLIN LAW FIRM, Bethany, Oklahoma, for Defendants/Appellants,
James R. Waldo, JAMES R. WALDO, P.L.L.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee.
BRIAN JACK GOREE, CHIEF JUDGE:
¶1 Jimmie A. Franklin and Brenda D. Franklin, husband and wife (Defendants), appeal the trial court's summary judgment in favor of International Bank of Commerce (IBC or Bank) in this action to foreclose a mortgage. The issues for review are whether the Bank has any available claims against Defendants, or whether the foreclosure is barred by the statute of limitations or 58 O.S. §333.[1]
¶2 On February 13, 1996, Lillian E. Franklin, Jimmie Franklin's mother, executed a note for $48,000.00, with interest payable at a rate of 7% per annum to Local Federal Bank, F.S.B.
[2] That same day, Lillian E. Franklin and John O. Franklin, as husband and wife, executed a mortgage on their property in favor of Local Federal Bank, F.S.B. to secure the note. After the execution of the note and mortgage, Lillian and John Franklin died. In the decree of distribution of Lillian's estate, the property encumbered by Bank's mortgage was distributed to Jimmie A. Franklin. No payments were made to Bank after January 2015. In 2017, Bank filed its petition to foreclose on the property. In the foreclosure proceedings below, the trial court granted Bank's motion for summary judgment.
I.
Standard of Review
¶3 Summary judgment procedure is governed by 12 O.S. 2011 §2056 and Rule 13 of the Rules for District Courts of Oklahoma. 12 O.S. Supp. 2013, Ch. 2, App.1. Appellate courts review summary judgments de novo because they are based solely on legal determinations. Carmichael v. Beller, 1996 OK 48, ¶2, 914 P.2d 1051, 1053. A final order in summary proceedings may be granted only when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. §2056(C). A fact is "material" if proof of the fact would have the effect of establishing or refuting one of the essential elements of a cause of action or a defense asserted by the parties. Hadnot v. Shaw, 1992 OK 21, ¶18, 826 P.2d 978, 985. All inferences and conclusions drawn from the underlying facts contained in the record are to be considered in the light most favorable to the party opposing summary judgment. Deutsche Bank National Trust v. Brumbaugh, 2012 OK 3, ¶7, 270 P.3d 151, 153.
II.
Bank's Foreclosure Cause of Action
¶4 The purpose of a foreclosure action is to satisfy, out of the proceeds of a sale of the estate in the mortgaged property, the claim of the holder of the obligation when there is a default in the performance of the act it is given to secure.
[3] Foreclosure requires a showing of a valid mortgage and default. A mortgage is a lien which is made security for the performance of an act; it can be a charge on property for payment or discharge of debt. 42 O.S. §1[4] and §5.[5] See also Williamson v. Winningham, 1947 OK 231, 186 P.2d 644 (1948). A mortgage on real estate is considered an incident to the debt secured thereby. Smith v. Bush, 1935 OK 331, ¶8, 44 P.2d 921. See also 42 O.S. §21.[6] "To foreclose, a claim must be adjudicated, and the validity and priority of a lien must be established. There must also be an adjudication of all claims, titles, or interests in the property involved, and the right of redemption must be extinguished so that a valid and effectual sale may be held. " Peat, Marwick, Mitchell & Co. v. Bates, 1992 OK CIV APP 120, ¶7, 839 P.2d 208, 210 citing Stephenson v. Clement, 1935 OK 374, 43 P.2d 430.
¶5 The mortgage on the property at issue came about because Lillian and John Franklin granted a mortgage on their property as security for the promissory note executed by Lillian Franklin. The mortgage is the security instrument given to the bank to secure repayment of the note. The terms of the note require monthly payments. No payments have been made since January 1, 2015, and the note and mortgage are in default. IBC has made a prima facie showing that an action in rem to foreclose its mortgage is appropriate.
III.
Defendants' Statute of Limitations Defense
¶6 Defendants argue that the five-year period of limitations in 12 O.S. §93 expired. Relying on Scott v. Peters, 2016 OK 108, 388 P.3d 699, Defendants assert that the action accrued on May 5, 2009, when the probate decree was filed in the county records. The decree distributed the remainder of the estate, including the property at issue, to Jimmie Franklin.
¶7 Defendants' reliance on §93 and Scott v. Peters is misplaced. That case involved the untimely action by a seller of real property for reformation of the deed wherein the court determined that the statute of limitations for an action brought by seller/grantor begins to accrue when the deed is filed with the county clerk. The seller alleged that he reserved the mineral interest when conveying the property to buyers. However, the deed did not contain any reservation of mineral interests. The notice, actual or constructive, triggers the accrual of the statute of limitations in an action to reform a deed.
¶8 Here, the issue is not the reformation of a deed; instead, it is the foreclosure of a mortgage encumbering the property at issue. In a foreclosure, default according to the terms of the obligation secured by the mortgage triggers the accrual of the statute of limitations. Likewise, the statute of limitations in a foreclosure relates to the underlying obligation. See Abboud v. Abboud, 2000 OK CIV APP 116, ¶6, 14 P.3d 569, 571, wherein the court applied a five-year limitations period on an action to recover upon a contract, agreement, or promise in writing.
¶9 The statute of limitations begins to run when a cause of action accrues, and a cause of action accrues at the time when a plaintiff first could have maintained his action to a successful conclusion. Turner v. Sooner Oil & Gas Co., 1952 OK 171, ¶22-23, 243 P.2d 701, 705. Default in the performance of any act that a mortgage is given to secure is a fundamental condition precedent to bringing an action to foreclose.[7] When default occurs, the right to foreclose accrues. Id. 
¶10 Default according to the terms of the note and accrual of the statute of limitations occurred January 1, 2015, when the monthly installment payments ceased. The petition was filed August 31, 2017, well within the permissible five-year statute of limitations for actions upon a contract, agreement, or promise in writing. 12 O.S. §95(A)(1).
IV.
Defendants' Proper Party Defense
¶11 Defendants additionally claim Bank is precluded from foreclosing on the property because Defendants are not personally liable on the note and did not assume the note and mortgage. While Defendants would have had to assume the note and mortgage to be personally liable on the debt, their interest in the property is subject to the existing mortgage. Oklahoma law is clear; when real property subject to a mortgage passes by will, the mortgage follows. 46 O.S. §5. "When real property subject to a mortgage passes by succession or will, so does responsibility for satisfying the mortgage. . . unless, in accordance with 58 O.S. 2011 §461, the testator made specific provisions in the will for payment to be made some other way." In re Estate of Carlson, 2016 OK 6, ¶16, 367 P.3d 486, 492.
¶12 Not only does a mortgage typically transfer with the property by will or succession, Oklahoma's probate code does not extinguish a creditor's right to foreclose on property encumbered by a mortgage. Title 58 O.S. § 331 et seq. provides the probate procedure for claims against an estate. It sets out the manner in which claims may be filed in order to expeditiously determine liabilities and close estates. See Haddock v. Williams, 1963 OK 22,¶22, 378 P.2d 774, 778. Title 58 O.S. §333 is the statute of nonclaims and it operates to destroy the debt or claim of an alleged creditor. State ex rel. Cent. State Griffin Mem'l Hosp. v. Reed, 1972 OK 14, ¶¶ 17-19, 493 P.2d 815, 818. Section 333 operates to bar claims that are not presented in the time allowed by statute; it is penal in nature and is strictly construed. In re Jameson's Estate, 1919 OK 35,¶12, 182 P. 518, 520. However, §333 provides a notable exception applicable in this case.
Section 333 provides:


All claims arising upon contracts entered into prior to the decedent's death, whether the same be due, not due or contingent, must be presented on or before the presentment date as provided in the notice, and any claim not so presented is barred forever; provided, however, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the personal representative and the judge of the district court, as duly noted on the claim, that the claimant had no notice by reason of being out of the state and that a copy of the notice to creditors was not mailed to said claimant, the claim may be presented at any time before a final decree of distribution is entered; provided, further, that nothing in this section, nor in this chapter contained, shall be construed to prohibit the right or limit the time of foreclosure of mortgages upon real property of decedents, but every such mortgage may be foreclosed within the time and in the mode prescribed in civil procedure, except that no balance of the debt secured by such mortgage remaining unpaid after foreclosure shall be a claim against the estate, unless such debt was presented as required by this code.
(Emphasis Added).
¶13 "The emphasized portion of 58 O.S. 2011 §333 unambiguously creates a simple rule: filing a creditor's claim against the estate is not a condition precedent in order for a creditor secured by a mortgage on real property to foreclose. However, 58 O.S. 2011 § 333 does not allow a creditor to pursue a deficiency judgment after foreclosure, unless a claim was presented to the estate pursuant to the probate code." Carlson, ¶27. IBC was not obligated to file a claim with the estate in order to initiate foreclosure proceedings. See id. IBC is not seeking a deficiency judgment against Defendants,
[8] but foreclosure of any interests they may have in the property[9] so it can be sold to satisfy the amount due on the note. IBC seeks a judgment in rem and not personal liability against the Franklins.
V.
Conclusion
¶14 Jimmie Franklin's parents granted Bank's predecessor a mortgage covering the property at issue. After his parents passed away, the property was distributed to Jimmie Franklin. Oklahoma law makes clear that the mortgage follows property passing by succession or will. 46 O.S. §5. Defendants' interests in the property are subject to the mortgage. Payments were made until January 1, 2015. Upon default, Bank timely filed its petition within the statute of limitations for actions upon a contract, agreement or promise in writing. 12 O.S. §95(A)(1). Bank's foreclosure action was not barred by its failure to file a claim in the probate action. 58 O.S. §333. There is no genuine issue as to any material fact and Bank is entitled to judgment as a matter of law. AFFIRMED.
JOPLIN, P.J., and BUETTNER, J., concur.
FOOTNOTES
[1] Defendants raise several issues that coincide with the following defenses: statute of limitations, statute of frauds, laches, failure of consideration, defect of parties, estoppel, waiver, unjust enrichment, unclean hands, and fraud. Issues raised by Defendants which were not presented to the trial court are deemed waived. Jones v. Alpine Ins., Inc., 1987 OK 113, ¶11, 764 P.2d 513, 515. Further, defenses which are merely rehearsed without any argument or authority will not be reviewed. See Graham v. Keuchel, 1993 OK 6, ¶1 n. 3, 847 P.2d 342, 345.
[2] International Bank of Commerce is the successor to Local Federal Bank, F.S.B.
[3] George E. Osborne, HANDBOOK ON THE LAW OF MORTGAGES 663 (Jesse H. Choper et al. eds., 2nd ed. 1970) citing City and County of San Francisco v. Lawton, 18 Cal. 465, 79 Am.Dec. 187 (Cal. 1861).
[4] 42 O.S. §1 provides: "A lien is a charge imposed upon specific property, by which it is made security for the performance of an act."
[5] 42 O.S. §5 provides: "Contracts of mortgage and pledge, are subject to all the provisions of the chapter."
[6] 42 O.S. §21 provides: "A lien is to be deemed accessory to the act for the performance of which it is a security whether any person is bound for such performance or not, and is extinguishable in like manner with any other accessory obligation."
[7] George E. Osborne, HANDBOOK ON THE LAW OF MORTGAGES 679 (Jesse H. Choper et al. eds., 2nd ed. 1970).
[8] An action to foreclose a mortgage may be maintained without seeking a personal judgment. Cahill v. Kilgore, 1960 OK 88, ¶10, 350 P.2d 928, 93 citing Irwin v. Sands, 1953 OK 383, 265 P.2d 1097.
[9] "Since the purpose of foreclosure is to end the right to redeem of all persons having interests in the property subject to the mortgage and to vest in the mortgagee or purchaser at foreclosure sale the title as it was at the date of the mortgage, any person having an interest in the property essential to the accomplishment of this purpose should be regarded as essential in the sense that, if not joined, his interest will not be affected by the foreclosure." George E. Osborne, HANDBOOK ON THE LAW OF MORTGAGES 668 (Jesse H. Choper et al. eds., 2nd ed. 1970).




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1992 OK CIV APP 120, 839 P.2d 208, 63 OBJ 3218, Peat, Marwick, Mitchell & Co. v. Bates
Discussed
 2000 OK CIV APP 116, 14 P.3d 569, 71 OBJ 3041, ABBOUND v. ABBOUND
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 113, 764 P.2d 513, 58 OBJ 3151, Jones v. Alpine Investments, Inc.
Discussed
 1992 OK 21, 826 P.2d 978, 63 OBJ 442, Hadnot v. Shaw
Discussed
 1993 OK 6, 847 P.2d 342, 64 OBJ 420, Graham v. Keuchel
Discussed
 1947 OK 231, 186 P.2d 644, 199 Okla. 393, WILLIAMSON v. WINNINGHAM
Discussed
 1952 OK 171, 243 P.2d 701, 206 Okla 344, TURNER v. SOONER OIL & GAS CO.
Discussed
 1953 OK 383, 265 P.2d 1097, IRWIN v. SANDS
Discussed
 1935 OK 331, 44 P.2d 921, 173 Okla. 172, SMITH v. BUSH
Discussed
 1935 OK 374, 43 P.2d 430, 171 Okla. 333, STEPHENSON v. CLEMENT
Discussed
 1919 OK 35, 182 P. 518, 74 Okla. 286, In re JAMESON'S ESTATE
Discussed
 1960 OK 88, 350 P.2d 928, CAHILL v. KILGORE
Discussed
 1963 OK 22, 378 P.2d 774, HADDOCK v. WILLIAMS
Discussed
 1972 OK 14, 493 P.2d 815, STATE ex rel. CENTRAL STATE GRIFFIN MEM. HOSP. v. REED
Discussed
 1996 OK 48, 914 P.2d 1051, 67 OBJ 1173, Carmichael v. Beller
Discussed
 2012 OK 3, 270 P.3d 151, DEUTSCHE BANK NATIONAL TRUST v. BRUMBAUGH
Discussed
 2016 OK 6, 367 P.3d 486, IN THE MATTER OF THE ESTATE OF CARLSON
Discussed
 2016 OK 108, 388 P.3d 699, SCOTT v. PETERS
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2056, Motion for Summary Judgment
Cited
Title 58. Probate Procedure
 Cite
Name
Level

 58 O.S. 333, Claims Barred When not Presented in Time - Exceptions
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA